**People of the State of CALIFORNIA; Ruth Hendrick; Pier 23 Restaurant; Barry H. Himmelstein; Cruz M. Bustamante; Barbara Matthews; Sweetwater Authority; Pamela R. Gordon; Patrick N. Keegan, Plaintiffs,**

**Arizona Electric Power Cooperative, Inc., Avista Energy, Inc.; Idaho Power Co.; Idacorp Energy, L.P; Northern California Power Agency; Puget Sound Energy, Inc.; Sacramento Municipal Utility District; Salt River Project Agricultural Improvement and Power District; Sierra Pacific Industries; Silicon Valley Power; Trans Alta Energy Marketing Company; and Tucson Electric Power Co., Intervenor,**

v.

NRG ENERGY INC.; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power; Long Beach Generation LLC; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources, Defendants,

v.

Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood LLC; Reliant Energy Mandalay, LLC; Reliant Energy Coolwater, LLC, Cross–claimants–Appellants,

v.

Arizona Electric Power Cooperative, Inc.; Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy Inc.; Bonneville Power Administration; British Columbia Hydro; Silicon Valley Power (City of Santa Clara); Com De Federale Elec; Constellation Power Source, Hafslund Energy Trading LLC; Idaho Power Company; Los Angeles Department of Water and Power (LADWP); Mieco Inc.; Nevada Power Company; Northern California Power Agency; Pacificorp; Pacificorp Power Marketing Inc.; Portland General Electric Company; Powerex Corp; PP & L Montana LLC; Puget Sound Energy, Inc.; Sacramento Municipal Utility District; Salt River Project Agricultural; Sierra Pacific Industries; Sierra Pacific Power Company; Sunlaw Congeneration Partners I; Trans Alta Energy Marketing Company; Tucson Electric Power Company; The Western Area Power Administration, Colorado River Storage Project; United States of America; Department of Energy; Bonneville Power Administration; The Western Area Power Administration, Cross–defendants–Appellees.

People of the State of California; Ruth Hendricks; Pier 23 Restaurant; Barry H. Himmelstein; Cruz M. Bustamante; Barbara Matthews; Sweetwater Authority; Pamela R. Gordon; Patrick N. Keegan; General Public of the State of California, Plaintiffs–Appellees,

v.

NRG Energy, Inc.; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power LLC; Long Beach Generation LLC; Dynegy Power Marketing, Inc.; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources, Defendants,

v.

Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood, LLC; Reliant Energy Mandalay, LLC; Reliant Energy Coolwater, LLC, Cross–claimants–Appellants,

v.

Arizona Electric Power Cooperative, Inc.; Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy Inc.; Silicon Valley Power, (City of Santa Clara); Commission De Fed; Constellation Power Source; Halfslund Energy Trading LLC; Idaho Power Company; The City of Los Angeles Department of Water and Power; Mieco Inc.; Nevada Power Co.; Northern California Power Agency; Pacificorp; Plant General Electric Company; PP & L Montana LLC; Puget Sound Energy, Puget Sound Energy, Inc.; Sacramento Municipal Utility District; Sierra Pacific Indus-

tries; Sierra Pacific Power Company; Sunlaw Cogeneration Partners I; Trans Alta Energy Marketing Company; Tucson Electric Power Company; United States of America; Department of Energy; Portland General Electric Company; Salt River Project Agricultural, Cross-defendants,

and

Bonneville Power Administration; British Columbia; Powerex Corp.; The Western Area Power Administration, Colorado River Storage Project, Cross–defendants–Appellees.

NRG Energy, Inc.; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power LLC; Long Beach Generation LLC; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources, Defendants,

and

Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood, LLC; Reliant Energy Mandalay, LLC; Reliant Energy Coolwater, LLC, Defendants–Appellants,

v.

Duke Energy Trading and Marketing, LLC; Duke Energy Morro Bay LLC; Duke Energy Moss Landing LLC; Duke Energy South Bay LLC; Duke Energy Oakland LLC, Cross-claimants,

v.

Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy Inc.; Bonneville Power Administration; British Columbia; Halfslund Energy Trading LLC; Idacorp Energy L.P.; Pacificorp Power Marketing, Inc.; Public Service Company of New Mexico; Mieco Inc.; Sierra Pacific Resources; Roes 1–50; Pacificorp; Bonneville Power Administration; The Western Area Power Administration; Powerex Corp.; Puget Sound Energy, Puget Sound Energy, Inc.; Tucson Electric Power Company; The Western Area Power Administration, Colorado River Storage Project; United States of America; Department of Energy; Portland General Electric Company, Cross–defendants–Appellees.

NRG Energy, Inc.; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power LLC; Long Beach Generation LLC; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources; Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood, LLC; Reliant Energy Mandalay, LLC; Reliant Energy Coolwater, LLC, Defendants,

v.

Duke Energy Trading and Marketing, LLC; Duke Energy Morro Bay LLC; Duke Energy Moss Landing LLC; Duke Energy South Bay LLC; Duke Energy Oakland LLC, Cross–claimants–Appellees,

v.

Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy Inc.; Bonneville Power Administration; British Columbia; Halfslund Energy Trading LLC; Idacorp Energy L.P.; Pacificorp Power Marketing, Inc.; Public Service Company of New Mexico; Mieco Inc.; Sierra Pacific Resources; Roes 1–50; Pacificorp; Bonneville Power Administration; The Western Area Power Administration; Puget Sound Energy, Puget

Sound Energy, Inc.; Tucson Electric Power Company; The Western Area Power Administration, Colorado River Storage Project; United States of America; Department of Energy; Portland General Electric Company, Cross-defendants,

and

Powerex Corp., Cross–defendant–Appellant.

People of the State of California; Ruth Hendricks; Pier 23 Restaurant; Barry H. Himmelstein; Cruz M. Bustamante; Barbara Matthews; Sweetwater Authority; Pamela R. Gordon; Patrick N. Keegan; General Public of the State of California, Plaintiffs,

v.

NRG Energy, Inc.; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power LLC; Long Beach Generation LLC; Dynegy Power Marketing, Inc.; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources, Defendants,

v.

Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood, LLC; Reliant Energy Mandalay, LLC; Reliant Energy Coolwater, LLC, Cross–claimants–Appellees,

v.

Arizona Electric Power Cooperative, Inc.; Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy Inc.; Bonneville Power Administration; British Columbia; Silicon Valley Power, (City of Santa Clara); Commission De Fed; Constellation Power Source; Halfslund Energy Trading LLC; Idaho Power Company; The City of Los Angeles Department

of Water and Power; Mieco Inc.; Nevada Power Co.; Northern California Power Agency; Pacificorp; Plant General Electric Company; PP & L Montana LLC; Puget Sound Energy, Puget Sound Energy, Inc.; Sacramento Municipal Utility District; Sierra Pacific Industries; Sierra Pacific Power Company; Sunlaw Cogeneration Partners I; Trans Alta Energy Marketing Company; Tucson Electric Power Company; The Western Area Power Administration, Colorado River Storage Project; United States of America; Department of Energy; Portland General Electric Company, Cross-defendants,

and

Powerex Corp., Cross–defendant–Appellant.

NRG Energy Inc; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power; Long Beach Generation LLC; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources, Defendants–Appellees,

v.

Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood LLC; Reliant Energy Mandalay, LLC; Reliant Energy Coolwater, LLC, Cross–claimants–Appellees,

v.

Arizona Electric Power Cooperative, Inc.; Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy Inc.; Bonneville Power Administration; British Columbia Hydro; Silicon Valley Power (City of Santa Clara); Com De Federale Elec; Constellation Power Source, Hafslund Energy Trading LLC; Idaho Power Company; Los Angeles Department of

Water and Power (LADWP); Mieco Inc.; Nevada Power Company, Northern California Power Agency; Pacificorp; Pacificorp Power Marketing Inc.; Portland General Electric Company; PP & L Montana LLC, Puget Sound Energy, Inc.; Sacramento Municipal Utility District; Salt River Project Agricultural; Sierra Pacific Industries; Sierra Pacific Power Company; Sunlaw Congeneration Partners I; Trans Alta Energy Marketing Company; Tucson Electric Power Company; The Western Area Power Administration, Colorado River Storage Project; United States of America; Department of Energy; Bonneville Power Administration; The Western Area Power Administration, Cross-defendants,

and

Powerex Corp, Cross–defendant–Appellant.

NRG Energy, Inc.; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power LLC; Long Beach Generation Llc; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources; Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood, LLC; Reliant Energy Mandalay, LLC; Reliant Energy Coolwater, LLC, Defendants,

v.

Duke Energy Trading and Marketing, LLC; Duke Energy Morro Bay LLC; Duke Energy Moss Landing LLC; Duke Energy South Bay LLC; Duke Energy Oakland LLC, Cross–claimants–Appellants,

v.

Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy Inc.;

Bonneville Power Administration; British Columbia; Halfslund Energy Trading LLC; Idacorp Energy L.P.; Pacificorp Power Marketing, Inc.; Public Service Company of New Mexico; Mieco Inc.; Sierra Pacific Resources; Roes 1–50; Pacificorp; Bonneville Power Administration; The Western Area Power Administration; Powerex Corp.; Puget Sound Energy, Puget Sound Energy, Inc.; Tucson Electric Power Company; The Western Area Power Administration, Colorado River Storage Project; United States of America; Department of Energy; Portland General Electric Company, Cross–defendants–Appellees.

NRG Energy Inc; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power; Long Beach Generation LLC; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources, Defendants,

and

Duke Energy Trading and Marketing, LLC; Duke Energy Morro Bay LLC; Duke Energy Moss Landing LLC; Duke Energy South Bay LLC; Duke Energy Oakland LLC, Defendants–Appellants,

v.

Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood LLC; Reliant Energy Manda-

lay, LLC; Reliant Energy Coolwater, LLC, Cross-claimants,

v.

Arizona Electric Power Cooperative, Inc.; Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy Inc.; Bonneville Power Administration; British Columbia Hydro; Silicon Valley Power (City of Santa Clara); Com De Federale Elec; Constellation Power Source, Hafslund Energy Trading LLC; Idaho Power Company; Los Angeles Department of Water and Power (LADWP); Mieco Inc.; Nevada Power Company, Northern California Power Agency; Pacificorp; Pacificorp Power Marketing Inc.; Portland General Electric Company; Powerex Corp; PP & L Montana LLC, Puget Sound Energy, Inc.; Sacramento Municipal Utility District; Salt River Project Agricultural; Sierra Pacific Industries; Sierra Pacific Power Company; Sunlaw Congeneration Partners I; Trans Alta Energy Marketing Company; Tucson Electric Power Company; The Western Area Power Administration, Colorado River Storage Project; United States of America; Department of Energy; Bonneville Power Administration; The Western Area Power Administration, Cross–defendants–Appellees.

People of the State Of California; Ruth Hendricks; Pier 23 Restaurant; Barry H. Himmelstein; Cruz M. Bustamante; Barbara Matthews; Sweetwater Authority; Pamela R. Gordon; Patrick N. Keegan; General Public of the State of California, Plaintiffs–Appellees,

v.

NRG Energy, Inc.; Cabrillo Power I LLC; Cabrillo Power II LLC; El Seg-

undo Power LLC; Long Beach Generation LLC; Dynegy Power Marketing, Inc.; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources, Defendants,

and

Duke Energy Trading and Marketing, LLC; Duke Energy Morro Bay LLC; Duke Energy Moss Landing LLC; Duke Energy South Bay LLC; Duke Energy Oakland LLC, Defendants–Appellants,

v.

Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood, LLC; Reliant Energy Mandalay, LLC; Reliant Energy Coolwater, LLC, Cross-claimants,

v.

Arizona Electric Power Cooperative, Inc.; Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy Inc.; Bonneville Power Administration; British Columbia; Silicon Valley Power, (City of Santa Clara); Commission De Fed; Constellation Power Source; Halfslund Energy Trading LLC; Idaho Power Company; The City of Los Angeles Department of Water and Power; Mieco Inc.; Nevada Power Co.; Northern California Power Agency; Pacificorp; Plant General Electric Company; Powerex Corp.; PP & L Montana LLC; Puget Sound Energy, Puget Sound Energy, Inc.; Sacramento Municipal Utility

District; Sierra Pacific Industries; Sierra Pacific Power Company; Sunlaw Cogeneration Partners I; Trans Alta Energy Marketing Company; Tucson Electric Power Company; The Western Area Power Administration, Colorado River Storage Project; United States of America; Portland General Electric Company; Salt River Project Agricultural, Cross-defendants,

NRG Energy Inc; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power; Long Beach Generation LLC; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources; Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood LLC; Reliant Energy Mandalay, LLC; Reliant Energy Coolwater, LLC, Defendants,

v.

Duke Energy Trading and Marketing, LLC; Duke Energy Morro Bay LLC; Duke Energy Moss Landing LLC; Duke Energy South Bay LLC; Duke Energy Oakland LLC, Cross-claimants-Appellees,

v.

Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy, Inc.; Hafslund Energy Trading, LLC; Idacorp Energy; Pacificorp; Pacificorp Power Marketing, Inc.; Portland General Electric Company; Powerex Corp; Public Service Company of New Mexico; Puget Sound Energy, Inc.; Sierra Pacific Resources; Tucson Electric Power Company; Western Area Power Administration; Roes, 1 through 50; Mieco, Inc.; British Columbia Hydro, Cross-defendants,

and

Bonneville Power Administration; United States of America; Dept.of Energy; Western Area Power Administration, Cross-defendants-Appellants.

NRG Energy Inc; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power; Long Beach Generation LLC; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources, Defendants,

v.

Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood LLC; Reliant Energy Mandalay, LLC; Reliant Energy Coolwater, LLC, Cross-claimants-Appellees,

v.

Arizona Electric Power Cooperative, Inc.; Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy Inc.; British Columbia Hydro; Silicon Valley Power (City of Santa Clara); Com De Federale Elec; Constellation Power Source, Hafslund Energy Trading Llc; Idaho Power Company; Los Angeles Department of Water and Power (LADWP); Mieco Inc.; Nevada Power Company; Northern California Power Agency; Pacificorp; Pacificorp Power Marketing Inc.; Portland General Electric Company; Powerex Corp; Pp & L Montana LLC, Puget Sound Energy, Inc.; Sacramento Municipal Utility District; Salt River Project Agricultural; Sierra Pacific Industries; Sierra Pacific Power Company; Sunlaw Congeneration Partners I; Trans Alta Energy Marketing Company; Tucson Electric Power Company; The Western Area Power Administration, Colorado River Storage Project, Cross-defendants,

and

Bonneville Power Administration; United States of America; Department of Energy; The Western Area Power Administration, People of The State of California; Ruth Hendricks; Pier 23 Restaurant; Barry H. Himmelstein; Cruz M. Bustamante; Barbara Matthews; Sweetwater Authority; Pamela R. Gordon; Patrick N. Keegan; General Public of the State Of California, Plaintiffs–Appellees,

v.

NRG Energy, Inc.; Cabrillo Power I LLC; Cabrillo Power II LLC; El Segundo Power LLC; Long Beach Generation LLC; Dynegy Power Marketing, Inc.; Sempra Energy Corp., Inc.; Sempra Energy Trading; Sempra Energy Resources, Defendants,

v.

Reliant Energy Services, Inc.; Reliant Energy Services, Inc.; Reliant Ormond Beach, Inc.; Reliant Energy Etiwanda, LLC; Reliant Energy Ellwood, LLC; Reliant Energy Mandalay, LLC; Reliant Energy Coolwater, LLC, Cross–claimants–Appellees,

v.

Arizona Electric Power Cooperative, Inc.; Arizona Public Svc; Automated Power Exchange, Inc.; Avista Energy Inc.; British Columbia; Silicon Valley Power, (City of Santa Clara); Commission De Fed; Constellation Power Source; Halfslund Energy Trading LLC; Idaho Power Company; The City of Los Angeles Department of Water and Power; Mieco Inc.; Nevada Power Co.; Northern California Power Agency; Pacificorp; Plant General Electric Company; Powerex Corp.; PP & L Montana LLC; Puget Sound Energy, Puget Sound Energy,

Inc.; Sacramento Municipal Utility District; Sierra Pacific Industries; Sierra Pacific Power Company; Sunlaw Cogeneration Partners I; Trans Alta Energy Marketing Company; Tucson Electric Power Company; Portland General Electric Company; Salt River Project Agricultural, Cross-defendants,

and

Bonneville Power Administration; The Western Area Power Administration, Colorado River Storage Project; United States of America, Cross–defendants–Appellants.

Nos. 02–57200, 02–57202, 02–57210, 03–55118, 03–55131, 03–55176, 03–55241, 03–55249, 03–55266, 03–55319, 03–55322, 03–55349.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2004.

Filed Dec. 8, 2004.

Nora Cregan, Bingham McCutchen, San Francisco, CA, for Reliant Energy, appellants/cross-appellees.

Joel B. Kleinman, Dickstein Shapiro Morin & Oshinsky, Washington, DC, for Duke Energy Trading and Marketing, appellants/cross-appellees.

Alisa B. Klein, U.S. Department of Justice, Washington, DC, for Bonneville Power Administration & Western Area Power Administration, appellees/cross-appellants.

Barry R. Himmelstein, Lieff, Cabraser, Heimann & Bernstein, San Francisco, CA, for the People of the State of California, plaintiffs-appellees.

Gary J. Smith, Beveridge & Diamond, P.C., San Francisco, CA, for British Columbia Hydro, Power Authority and PowerEx Corp., appellee/cross-appellant.

Gordon P. Erspamer, Morrison & Foerester, Walnut Creek, CA, for Arizona Electric Power Cooperative, Inc., Avista Energy, Inc., Idaho Power Co., IDACORP Energy, L.P., Northern California Power Agency, Puget Sound Energy, Inc., Sacramento Municipal Utility District, Salt River Project Agricultural Improvement and Power District, Sierra Pacific Industries, Silicon Valley Power, Trans Alta Energy Marketing Company, and Tucson Electric Power Co., cross-appellants.

Before: SCHROEDER, Chief Judge, CANBY, and TALLMAN, Circuit Judges.

SCHROEDER, Chief Judge:

The fundamental question in this appeal from a district court order of remand is whether we have appellate jurisdiction in light of the limitations of 28 U.S.C. § 1447(d). We hold that we have jurisdiction to review the district court's ruling on substantive issues of controlling law on the merits of the case. We affirm all of the district court's rulings on those substantive issues, relating principally to immunity, but hold that the claims against the U.S. government agencies should have been dismissed rather than remanded to state court.

**BACKGROUND**

The underlying consolidated actions are suits arising from the energy crisis of 2000–2001. *See generally Duke Energy Trading & Marketing, L.L.C. v. Davis*, 267 F.3d 1042 (9th Cir.2001). As a result of the crisis, the State of California, together with some of its private and corporate citizens, filed suits in California state courts against Reliant Energy, Duke Energy and other generators of power in the California energy market (collectively referred to as "Duke and Reliant"). The Plaintiffs alleged that Defendants conspired to fix prices of wholesale electricity in violation of California's Cartwright Act, Cal. Bus. & Prof.Code § 16720, *et. seq.*, and California's Unfair Competition Law, *id.* at § 17200.

Duke and Reliant filed cross-claims in the state court seeking indemnity from two agencies of the United States government, Bonneville Power Administration, ("BPA"), and Western Area Power Administration, ("WAPA"), and from two Canadian entities, PowerEx Corporation, ("PowerEx"), and British Columbia Hydro and Power Authority, ("BC Hydro"). Both BPA and WAPA are agencies of the United States Government statutorily authorized to promote the development, sale, and distribution of electric power in the western United States. *See* 16 U.S.C. § 832; 42 U.S.C. § 7152, 43 U.S.C. §§ 389, 485(h); *see also United States by W. Area Power Admin. v. Pac. Gas & Elec. Co.*, 714 F.Supp. 1039, 1045–47 (N.D.Cal.1989). BC Hydro is a crown corporation of the Canadian province of British Columbia created by the British Columbia Hydro and Power Authority Act of 1964. PowerEx is a wholly owned subsidiary of BC Hydro. PowerEx markets and exports surplus Canadian hydropower to the United States.

Each of the cross-defendants removed the cases to federal court. As the basis for removal, BPA and WAPA invoked 28 U.S.C. § 1442(a), which permits removal by federal agencies. BC Hydro and PowerEx invoked 28 U.S.C. § 1441(d), which allows removal by foreign states as defined by the Foreign Sovereign Immunity Act ("FSIA"), 28 U.S.C. § 1603(a). California then moved the district court for remand.

BPA and WAPA opposed the remand, arguing that they were entitled to be dismissed from the action because they enjoyed sovereign immunity as agencies of the U.S. government. BC Hydro argued for dismissal on the ground that it was an immune foreign sovereign as defined by the FSIA. PowerEx opposed California's motion for remand on the ground it was entitled to remove under the removal statutes 28. U.S.C. § 1441(a)(d) and the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a). PowerEx did not argue for sovereign immunity because the claim arises from commercial activities PowerEx conducted within the United States. *See* 28 U.S.C. § 1605(a)(2).

The district court ruled first on the immunity arguments. The court held that BC Hydro was entitled to foreign sovereign immunity under the FSIA as a crown corporation of British Columbia. As to the U.S. government agencies, Duke and Reliant contended BPA and WAPA had waived their immunity. The district court held that there had been no waiver because only Congress could waive immunity and Congress had not done so. It therefore held that the WAPA and BPA were immune from suit. Finally, the district court held that PowerEx was not entitled to removal because it was not the instrumentality of a foreign sovereign. Then the district court granted the earlier motion to remand the entire case.

Defendants-appellants, Duke and Reliant, now appeal, challenging the district court's holdings that BPA and WAPA have not waived their sovereign immunity, and that BC Hydro is immune from suit. Cross-appellants, BPA and WAPA, challenge the district court's decision to remand the entire case to state court, contending that the district court should first have dismissed them from the suit. Cross-appellant, PowerEx, challenges the district court's ruling that it is not a sovereign as defined by the FSIA.

Plaintiff-appellee, California, happy to be back in state court, contends that this court is without jurisdiction to hear any of these appeals. It argues that 28 U.S.C. § 1447(d) prohibits the exercise of appellate jurisdiction over the district court's order of remand and that we therefore cannot review the substantive issues of law the district court resolved.

We first deal with the issue of appellate jurisdiction. We conclude that we have jurisdiction to review the underlying merits of the district court's substantive rulings on immunity and sovereign status. We then turn to the merits of those rulings.

## APPELLATE JURISDICTION

■ The district court's final order that is on appeal to this court remands the case to state court following its original removal to federal court. Section 1447(c) provides that a motion for remand for procedural irregularities in the removal must be filed within 30 days and that a case may be remanded at any time if it appears that the district court lacks subject matter jurisdiction.[1]

Appellate review of a remand order pursuant to § 1447(c) is limited by the provisions of § 1447(d). Section 1447(d) provides:

---

1. Section 1447(c) provides:
 c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

The limitation relates on its face only to appellate review of federal jurisdiction or of whether the remand order itself was procedurally correct. Our court has therefore recognized that the limitations on review in § 1447(d) do not preclude our review of substantive issues of law that may have preceded the remand order. We have said that § 1447(d) "preclude[s] only appellate review of remand orders based on one of the two grounds listed in subsection 1447(c): lack of subject matter jurisdiction or removal procedure irregularities." *United Investors Life Ins. Co. v. Waddell & Reed*, 360 F.3d 960, 963 (9th Cir.2004), *citing Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Section 1447(d) does not preclude our review of a district court's resolution of substantive issues on the merits, apart from issues of jurisdictional or procedural defects leading to remand. *See Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 (9th Cir.2002), *citing Clorox Co. v. United States Dist. Ct.*, 779 F.2d 517, 520 (9th Cir.1985) and *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276–77 (9th Cir.1984).

 Moreover, the district court had jurisdiction over this case because BPA, WAPA and BC Hydro properly removed the case from state court. Such a removal removes the *entire* case, not merely the portion affecting the removing sovereign. *See IMFC Professional Services of Fla., Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 158–59 (5th Cir.1980);

*Nolan v. Boeing Co.*, 919 F.2d 1058, 1064–65 (5th Cir.1990). The district court accordingly did not lack jurisdiction to decide the issues of immunity of BPA, WAPA and BC Hydro and of the sovereign status of PowerEx. We accordingly are not deprived by § 1447(d) of jurisdiction to review these substantive rulings, and we now address them on their merits.

## IMMUNITY OF THE U.S. AGENCIES: BPA AND WAPA

 Reliant and Duke argue that the federal agencies waived their immunity by acting as generators, buyers, and sellers of electricity in the California energy markets. Specifically, Duke and Reliant contend that by agreeing to the Federal Energy Regulatory Commission, ("FERC"), tariff governing the California market, BPA and WAPA were bound by the provisions of the tariff. Under the tariff, participants in the California energy market "irrevocably waive any objection" to the jurisdiction of California courts over legal actions arising from the tariff. In essence, Duke and Reliant contend that by performing their statutory function to provide power to the western markets, BPA and WAPA became "participants" in that market within the meaning of FERC tariffs and thereby waived their governmental immunity.

The district court rejected the arguments of Duke and Reliant and concluded that BPA and WAPA did not waive their sovereign immunity. This ruling was correct because only Congress can waive immunity of a federal governmental agency and BPA and WAPA are indisputably such agencies.

In *Lane v. Pena*, 518 U.S. 187, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996), the Supreme Court unambiguously reaffirmed that "[a] waiver of the Federal Government's sovereign immunity must be unequivocally ex-

pressed [by Congress] in statutory text." *Id.* at 192, 116 S.Ct. 2092. Duke and Reliant point to no such text waiving the immunity of BPA or WAPA. Nor is there a statute waiving the sovereign immunity of BPA or WAPA with regard to suits for indemnity. *See* 16 U.S.C. § 832; 43 U.S.C. § 390uu; *see also City of Tacoma v. Richardson*, 163 F.3d 1337, 1339–41 (Fed.Cir.1998) (interpreting section 390uu and holding Congress has waived WAPA's sovereign immunity only with regard to contracts executed pursuant to federal reclamation law). · The district court correctly concluded that BPA and WAPA retain their sovereign immunity.

## IMMUNITY OF BC HYDRO UNDER THE FSIA

■ The district court held that BC Hydro was an immune foreign sovereign as defined by the Foreign Sovereign Immunities Act and was therefore not amenable to suit by Duke and Reliant. Under the FSIA, BC Hydro waived its foreign sovereign immunity if it: 1) conducted commercial activity in the U.S., or 2) engaged in commercial activity outside the U.S. having a "direct effect" in the United States. 28 U.S.C. § 1605(a)(2). Duke and Reliant argue that BC Hydro did both.

Duke and Reliant first argue that BC Hydro activity in Canada had a direct effect on California energy markets. They claim that BC Hydro made decisions that restricted how and with whom PowerEx, BC Hydro's exporting subsidiary, could trade. Because BC Hydro's decisions determined who in the California market received energy from PowerEx and at what price, Duke and Reliant claim that BC Hydro directly affected that market. Duke and Reliant also claim that BC Hydro's credit decisions were themselves commercial activities and therefore caused BC Hydro to forfeit its immunity.

■ A "direct effect" in the United States must follow "as an immediate consequence of [the otherwise immune defendant's] activity." *Argentina v. Weltover*, 504 U.S. 607, 618, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992). The actions of BC Hydro did not cause direct effects in the United States within the meaning of the FSIA. Although the credit decisions of BC Hydro had a direct effect on PowerEx, it was only the decisions of PowerEx that directly affected the California markets. Because the credit decisions affected an intermediary, whose actions in turn affected the U.S., the decisions did not have direct effects within the United States. *See Corzo v. Banco Central De Reserva Del Peru*, 243 F.3d 519, 525 (9th Cir.2001).

Duke and Reliant also contend that BC Hydro lacks immunity in the case because its decisions about how to generate power and about how much power PowerEx could sell to the California markets were commercial acts with direct effects in the U.S. The district court correctly held, however, that these decisions were sovereign functions, not commercial ones. BC Hydro is responsible for decisions relating to, for example, flood control, management of fisheries, and construction of dams. These are governmental responsibilities, unlike any responsibilities of a private, commercial actor. The ability to make decisions about the management of natural resources is a uniquely sovereign capacity. *See MOL, Inc. v. People's Republic of Bangladesh*, 736 F.2d 1326, 1329 (9th Cir. 1984).

■ Next, appellants argue that PowerEx is the agent of BC Hydro and that BC Hydro waived its immunity by and through the conduct of its agent. The district court correctly held that there was no agency relationship between BC Hydro and PowerEx. Independence is to be pre-

sumed. In *First National City Bank v. Banco Para El Comercio Exterior De Cuba*, 462 U.S. 611, 103 S.Ct. 2591, 77 L.Ed.2d 46 (1983) (*"Bancec"*), the Supreme Court announced that "government instrumentalities established as juridical entities distinct and independent from their sovereign should normally be treated as such." *Id.* at 626–27, 103 S.Ct. 2591. The presumption of independence is defeated only "where a corporate entity is so extensively controlled by its owner that a relationship of principal and agent is created." *Id.* at 629, 103 S.Ct. 2591; *see also Flatow v. Islamic Republic of Iran*, 308 F.3d 1065, 1070–71 (9th Cir.2002).

As the district court carefully explained, no evidence suggests that BC Hydro exerted the day-to-day control over PowerEx that would demonstrate an agency relationship. *Cf. Flatow*, 308 F.3d at 1071–73 (noting absence of a showing of day-to-day-control and rejecting agency argument). BC Hydro undoubtedly cooperated with PowerEx to establish PowerEx's credit risk policies and to provide PowerEx with administrative and other support for its operations. As the Supreme Court has noted, however, it is not at all remarkable for a parent organization to supervise the "finance and capital budget decisions" and to be responsible for the "articulation of general policies and procedures" for a subsidiary. *United States v. Bestfoods*, 524 U.S. 51, 72, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998). These areas of cooperation are completely characteristic of a parent-subsidiary operation, and not at all like a principle-agent relationship. The district court correctly concluded that PowerEx was not the agent of BC Hydro.

For all of the foregoing reasons, BC Hydro did not waive its sovereign immunity under the FSIA.

## SOVEREIGN STATUS OF POWEREX UNDER THE FSIA

■ In its cross-appeal PowerEx argues that the district court erred in holding that it is not a foreign sovereign under the FSIA, and that it therefore is not entitled to remove under § 1441(d). The statute defines a foreign sovereign as including "an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). An agency or instrumentality is defined as any entity:

(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b). PowerEx argues that it is a foreign sovereign both because it is an "organ" of a foreign state and alternatively because it is wholly owned by a foreign state.

In support of its contention that PowerEx is an organ of Canada, PowerEx cites this court's recent decision in *EIE Guam Corporation v. Long Term Credit Bank of Japan*, 322 F.3d 635, 640–41 (9th Cir.2003). In *EIE Guam*, we held that a Japanese corporation was an organ of Japan where that corporation (RCC) was created to collect and administer bad debts of failed financial institutions insured by the Deposit Insurance Corporation of Japan. *Id.* at 640.

PowerEx argues that just as RCC served a public purpose in helping to manage the debts of failed Japanese banks, PowerEx serves a public purpose in maximizing the value of the Province's surplus

hydropower. This is the only material similarity, however. There are substantial differences between PowerEx and RCC. In *EIE Guam*, the district court found that many of RCC's functions were exclusive, that other companies were not permitted to take similar actions, that RCC was funded by the Japanese government, and that the government even compensated RCC for its financial losses. *See id.* at 640.

In contrast, the district court here found that PowerEx acted not in the public interest, but rather as an independent commercial enterprise pursuing its own profits. The district court also found that any profits and losses from its sales of power are solely the responsibility of PowerEx and are in no way guaranteed or subsidized by the government. The Canadian government does not immunize PowerEx from suit.

■ We have said that the ultimate question is "whether the entity engages in a public activity on behalf of the foreign government." *Patrickson v. Dole Food Co.*, 251 F.3d 795, 807 (9th Cir.2001), *aff'd on other grounds Dole Food Co. v. Patrickson*, 538 U.S. 468, 123 S.Ct. 1655, 155 L.Ed.2d 643 (2003). Applying *Patrickson*, we look to the purposes of an entity's activities, the entity's independence from government, the level of financial support received from the government, and the entity's privileges and obligations under the law. *Patrickson*, 251 F.3d at 807.

As the district court correctly noted, the facts of this case closely mirror the facts of *Patrickson* and compel our conclusion that PowerEx is not an organ of a foreign government. In *Patrickson*, as here, the party claiming organ status under the FSIA was not run by government appointees, was not staffed with civil servants, was not wholly owned by the government, was not immune from suit, and did not exercise any regulatory authority. *See Patrickson*, 251 F.3d at 808. Even though PowerEx offers some evidence that it serves a public purpose, its high degree of independence from the government of British Columbia, combined with its lack of financial support from the government and its lack of special privileges or obligations under Canadian law dictate our holding that PowerEx is not an organ of British Columbia.

■ PowerEx also argues that it qualifies under the FSIA because it is owned by the Province of British Columbia. PowerEx concedes, however, that its shares are owned by BC Hydro. The Supreme Court has held that "only direct ownership of a majority of shares by the foreign state satisfies the statutory requirement [of the FSIA]." *Dole Food*, 538 U.S. at 474, 123 S.Ct. 1655. The Court noted that formalities are essential in the law of corporations and that unless the foreign government itself actually owns the shares, the entity does not meet the definition of a foreign state. *Id.* at 474–76, 123 S.Ct. 1655. PowerEx is not owned by the Province but by BC Hydro. It is therefore not a foreign instrumentality under FSIA.

## THE REMAND OF CLAIMS AGAINST THE UNITED STATES

■ In their cross-appeal, BPA and WAPA argue that although the district court correctly held them immune from suit, it incorrectly failed to dismiss the claims against them. They are correct.

Section 1442(a) guarantees federal agencies a federal forum in which to adjudicate claims. Where it is immune from suit, a federal agency's right to a federal forum is vindicated only by the district court's dismissal of the claims against the agency. Any other outcome would frustrate the purpose of § 1442(a).

We have previously held that where federal law prevents state and federal courts from subjecting a federal agency to suit, a district court presented with such a suit is required to dismiss it. *See Nebraska v. Bentson,* 146 F.3d 676, 679 (9th Cir.1998). The same result is required here. We therefore remand the claims against BPA and WAPA with instructions to dismiss them.

## CONCLUSION

We AFFIRM the district court's decision that BC Hydro is an immune foreign sovereign under the Foreign Sovereign Immunities Act, but that its export subsidiary, PowerEx, is not such a sovereign or instrumentality of a sovereign. We also AFFIRM the district court's order that BPA and WAPA are immune from suit. We VACATE the portion of the district court's order remanding the claims against BPA and WAPA and instruct the district court to enter an order of dismissal.

AFFIRMED IN PART; VACATED IN PART and REMANDED. Costs are awarded to BPA, WAPA, and BC Hydro and against PowerEx.