Sean L. STOLPER, Plaintiff–Appellant,

v.

**UNIVERSITY OF SYDNEY, NSW Australia, Defendant– Appellee.**

No. 05–56371.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 29, 2006.

Sean L. Stolper, Pacific Palisades, CA, pro se.

Sean Riley, Esq., Christensen Glaser Fink Jacobs Weil & Shapiro, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Sean L. Stolper appeals pro se from the district court's judgment dismissing his action against the University of Sydney ("UOS") for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602 *et seq.* ("FSIA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Corzo v. Banco Cent. de Reserva del Peru,* 243 F.3d 519, 522 (9th Cir.2001), and we affirm.

Stolper contends that the FSIA did not deprive the district court of subject matter jurisdiction. However, the UOS is an agency or instrumentality of the Australian government. *See California v. NRG Energy, Inc.,* 391 F.3d 1011, 1026 (9th Cir.2004). The "commercial activity" exception to the FSIA does not apply in this case because UOS's commercial activities neither took place in the United States, nor did they have a "direct effect" in the United States. *See Adler v. Fed. Republic of Nigeria,* 107 F.3d 720, 726 (9th Cir. 1997).

Finally, the UOS did not waive its immunity by filing a notice of removal. A notice of removal cannot be said to constitute a responsive pleading that might waive the UOS's immunity under the FSIA. *See Siderman v. Republic of Argentina,* 965 F.2d 699, 720–21 (9th Cir.1992).

All pending motions are denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.