[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  17-14967
_____

D.C. Docket No. 4:17-cv-00101-CDL

OVERLOOK GARDENS PROPERTIES LLC,
a Georgia limited liability company,
CREEKWOOD APARTMENTS, LLC,
a Georgia limited liability company,
IVERNESS II, LLC,
a Georgia limited liability company,
GREYSTONE FARMS APARTMENT COMMUNITY, LLC,
a Georgia limited liability company,

Plaintiffs - Appellees,

versus

ORIX USA, L.P.,
a Delaware limited partnership,
RED CAPITAL GROUP, LLC,
a Delaware limited liability company,
RED MORTGAGE CAPITAL, LLC,
a Delaware limited liability company,
RED CAPITAL MARKETS, LLC,
a Delaware limited liability company,
RED CAPITAL PARTNERS, LLC,
an Ohio limited liability company,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 25, 2019)

Before ED CARNES, Chief Judge, JULIE CARNES and CLEVENGER,[*] Circuit Judges.

CLEVENGER, Circuit Judge:

In this diversity jurisdiction case, the United States District Court for the Middle District of Georgia remanded the case to the Georgia state court from which it was removed by the defendants.  This appeal questions our jurisdictional authority to review the remand order.

I

A

Overlook Gardens Properties, LLC, Creekwood Apartments, LLC, Inverness II, LLC, and Greystone Farms Apartment Community, LLC (collectively, "the Developers") develop large-scale apartment complexes in Georgia.  They finance their developments using loans federally insured by the United States Department of Housing and Urban Development ("HUD") through its Multifamily Accelerated

---

[*] Honorable Raymond C. Clevenger, III, United States Court of Appeals for the Federal Circuit, sitting by designation.

Processing ("MAP") program.  They chose Red Mortgage Capital, LLC as their MAP-approved lender for assistance in applying for and securing HUD-guaranteed financing through the MAP program.

The Developers each signed an application letter with Red Mortgage preliminarily agreeing that Red Mortgage has the exclusive right to fund and service their loans in exchange for certain fees and compensation.  When HUD agreed to insure the loans, the Developers each signed a commitment letter with Red Mortgage.  In those commitment letters, Red Mortgage quoted each of the Developers an interest rate that Red Mortgage allegedly represented was the best rate it thought it could obtain for the Developers.  The Developers then signed agreements locking in their quoted interest rates.  Red Mortgage worked to secure the quoted interest rates, issued confirmation letters to the Developers that it secured those rates, and proceeded to close on the loans based on the agreed upon terms.  At closing, the Developers each executed with Red Mortgage a note and a security instrument (collectively, "the loan documents").  In the notes, the Developers agreed to repay their loans at the interest rates and on the terms they agreed to in their commitment letters.  In the security instruments, the Developers pledged their property and rents as collateral against the debt.

3

The commitment letters and the loan documents contain different forum selection clauses. The commitment letters for three of the four Developers recite the following forum selection clause:

> By its acceptance of the Lender's Commitment, the Borrower agrees that (a) it was negotiated, made and issued by the Lender in the State of New York; (b) any action brought hereunder shall only be brought in the federal or local courts of Dallas County, Texas; and (c) the rights and obligations of the parties shall be determined in accordance with applicable federal law and, to the extent that State law applies, the law of New York.

Dist. Ct. Dkt. No. ("Doc.") 6–2 at 30, 56–58, 74–75. One of the four Developers—Greystone Farms—signed a commitment letter containing a substantially similar forum selection clause, except that it provides the agreement was made in Ohio, any applicable federal and Ohio law governs, and any action brought under the letter must be litigated in the Ohio federal or state courts.

The loan documents for all four Developers recite the following forum selection clause:[1]

> Borrower agrees that any controversy arising under or in relation to this Note or the Security Instrument shall be litigated exclusively in the Property Jurisdiction [*i.e.*, Georgia] except as, so long as the Loan is insured or held by HUD and solely as to rights and remedies of HUD, federal jurisdiction may be appropriate pursuant to any federal requirements. The state courts, and with respect to HUD's rights and remedies, federal courts and Governmental Authorities in the Property Jurisdiction, shall have exclusive jurisdiction over all controversies which shall arise under or in relation to this Note, any security for the

---

[1] While we rely on the forum selection clause in the notes, it is identical in all material respects to the clause in the security instruments.

4

Indebtedness, or the Security Instrument.    Borrower irrevocably consents to service, jurisdiction, and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of domicile, habitual residence or otherwise.

Doc. 11–1 Note at 7.

Fortunately, the commitment letters guarded against inconsistencies between clauses in the commitment letters and clauses in the loan documents. The commitment letters state that the terms of the loan documents supersede the terms of the commitment letters in the event of any inconsistencies.

B

The Developers filed a complaint against Red Mortgage in Georgia state court. They also sued various companies related to Red Mortgage, including ORIX USA, L.P., Red Capital Group, LLC, Red Capital Markets, LLC, and Red Capital Partners, LLC (together with Red Mortgage, "the Defendants"). Among the Defendants, only Red Mortgage signed the commitment letters and loan documents. The remaining defendants are not bound by any forum selection clauses. In their complaint, the Developers asserted various state law causes of action, including breach of contract, fraud, and violation of the Georgia Racketeer Influenced and Corrupt Organizations Act. The essence of their complaint is that the Defendants intentionally and deceptively persuaded the Developers to accept high interest rates, not because they were the best market rates available, but instead to secretly pad their compensation and associated profits.

The Defendants removed the case to the United States District Court for the Middle District of Georgia based on diversity. They then moved to transfer venue, to dismiss for lack of personal jurisdiction, and to dismiss for failure to state a claim. In their transfer motion, the Defendants argued that the forum selection clause in the commitment letters requires the Developers to litigate their disputes in the federal or state courts in Dallas County, Texas.

The Developers responded by moving to remand the case to state court and moving to stay the Defendants' motions to dismiss and to transfer. In their motion to remand, the Developers argued that the forum selection clause in the loan documents supersedes the forum selection clause in the commitment letters because of the inconsistencies clause in the commitment letters. They contended that the forum selection clause in the loan documents provides that the Georgia state courts are the exclusive jurisdiction for litigating their claims.

The district court stayed the motions to dismiss while it considered the remand and transfer motions. It then issued a single order remanding the case to Georgia state court. The district court first held that the Developers' claims arise under and relate to both the commitment letters and the loan documents. It concluded that, even though the interest rates at the heart of the disputes were set in the commitment letters during the loan origination process, it was only after the loan documents were executed that the Developers became obligated to pay the

6

agreed upon interest rates. It therefore determined that the Developers' "claims are inextricably intertwined with both agreements," and that the commitment letters and loan documents "are not separate and distinct." Doc. 31 at 13–14. The district court then noted that the inconsistencies clause in the commitment letters required it to enforce the forum selection clause in the loan documents. The district court held that the forum selection clause in the loan documents bound both Red Mortgage and the Developers to litigate the Developers' claims in Georgia state court. The district court concluded that "Red Mortgage waived any right it had to remove this action to federal court" based on the forum selection clause in the loan documents. *Id.* at 16–17. It then held, citing 28 U.S.C. § 1446(b)(2)(A) and our decision in *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001), that "Red Mortgage could not validly consent to the removal of this action, so the unanimity requirement is not met and this action must be remanded." *Id.* at 17.

The district court denied the Defendants' transfer motion. It also denied the Defendants' provisional motion to stay any potential remand until the Defendants have had an opportunity to appeal the decision. While the district court recognized that our decision in *Russell* would permit appellate review of its remand order, it expressed its confidence "that its decision is correct." *Id.* at 18.

The Defendants appeal the district court's remand order.

7

II

We have a duty to assure ourselves of our jurisdiction at all times in the appellate process. *Jara v. Núñez*, 878 F.3d 1268, 1271 (11th Cir. 2018). We review our appellate jurisdiction *de novo*. *Id.*

III

A

Section 1447(d) of Title 28 of the U.S. Code provides in relevant part for purposes of this appeal that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."[2] Notwithstanding that apparent bar to appellate review, the Supreme Court held in *Thermtron Products, Inc. v. Hermansdorfer* that paragraph (d) of § 1447, which bars appellate review of a remand order, must be read "*in pari materia*" with paragraph (c), which specifies that the grounds for remanding include defects in the removal process and lack of subject matter jurisdiction. 423 U.S. 336, 345–46, 96 S. Ct. 584, 590, 46 L.Ed.2d 542 (1976), *abrogated in part on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714–15, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). Consequently, the restriction in paragraph (d) must be

---

[2] Section 1447(d) excepts from the general bar on appellate review of remand orders "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title . . . ." Section 1442, which relates to actions or prosecutions of federal officers or agencies, and § 1443, which relates to civil rights cases, are not applicable here.

understood to bar appellate review of remand orders only when the order is based on the improvidence of the removal or a lack of jurisdiction. *Id.* at 346, 96 S. Ct. at 590. Since then, the Supreme Court has repeatedly held that only remands based on either a defect in the removal process or a lack of jurisdiction are excluded from appellate review by § 1447(d). *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638, 129 S. Ct. 1862, 1865–66, 173 L.Ed.2d 843 (2009); *Quackenbush*, 517 U.S. at 711–12, 116 S. Ct. at 1718; *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28, 116 S. Ct. 494, 497, 133 L.Ed.2d 461 (1995).

In 2001, this Court decided *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001). In that case, a group of insurance companies removed an action from Alabama state court to federal court based on diversity jurisdiction. *Id.* at 1042. The district court remanded the case to state court, however, because it held that one of the insurers was bound by a forum selection clause to litigate the dispute in state court, it could not consent to removal, and therefore the requirement for unanimous consent to removal was not satisfied. *Id.* at 1042–43. The insurance companies appealed the district court's remand order. *Id.* at 1043.

While a remand based on interpretation and enforcement of a valid forum selection clause is neither a defect in the removal process nor a jurisdictional flaw, *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999), a lack of unanimous

9

consent to removal is a defect in the removal process, *Hernandez v. Seminole County*, 334 F.3d 1233, 1237 (11th Cir. 2003).  Nevertheless, in *Russell*, we held that § 1447(d) did not preclude us from reviewing the district court's remand order. 264 F.3d at 1046.  We reasoned that we should disregard the district court's characterization of its remand order as one based on a procedural defect in favor of a different identifiable ground following our own independent analysis of what the order was "premised upon."  *Id.*  Looking behind the district court's perceived procedural defect, we instead credited as the true premise for the remand the district court's decision on the merits to enforce the contractual provision binding one of the insurers to litigate the dispute in state court, which resulted in the subsequent lack of unanimity.  *Id.*  We concluded that, because interpretation and enforcement of a contractual provision like a forum selection clause is "completely external to the removal process," § 1447(d) did not bar our jurisdiction to review such remand orders.  *Id.*

In 2007, the Supreme Court returned to the question of appellate authority over remand orders in *Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 127 S. Ct. 2411, 168 L.Ed.2d 112 (2007).  In that case, the State of California and some of its private and corporate citizens sued a number of companies in the California energy market, who in turn filed cross-claims seeking indemnity from additional entities.  *Id.* at 226–27; 127 S. Ct. at 2414; *see also In re Wholesale*

10

*Elec. Antitrust Cases I & II* ("*Powerex Dist. Ct.*"), Nos. CV 02-0990-RHW, CV 02-1000-RHW, CV 02-1001-RHW, 2002 WL 34165887, at *1 (S.D. Cal. Dec. 17, 2002).  The cross-defendants removed the entire case to federal court, some under 28 U.S.C. § 1441(d) based on their alleged foreign state status, and others under 28 U.S.C. § 1442 based on their status as a federal agency.  *Powerex Dist. Ct.*, 2002 WL 34165887, at *1.  California and its citizens who brought the suit in state court moved to remand the case because one of the cross-defendants was not a foreign state and the cross-claims against the other cross-defendants were barred by sovereign immunity.  *Id.* at *1–2, *8, *11.

The district court agreed that one of the cross-defendants was not entitled to foreign state status, another of the cross-defendants was immune from suit in federal court, and the remaining cross-defendants were immune from suit in state court.  *Id.* at *9–11, *15.  The district court therefore concluded that it lacked jurisdiction over the claims and remanded the entire case.  *Id.* at *15.  The cross-defendant that the district court held lacked foreign state status, among other parties, appealed.  *Powerex*, 551 U.S. at 228; 127 S. Ct. at 2415; *see also California v. NRG Energy Inc.* ("*Powerex Cir. Ct.*"), 391 F.3d 1011, 1022 (9th Cir. 2004).

The Court of Appeals for the Ninth Circuit noted that § 1447(d) bars it from reviewing "issues of jurisdictional or procedural defects leading [a district court] to

11

remand." *Powerex Cir. Ct.*, 391 F.3d at 1023.  But it held that § 1447(d) did not deprive it of jurisdiction to review the district court's remand order because the district court had jurisdiction over the case, given that three of the four cross-defendants properly removed the case from state court.  *Id.*  The Ninth Circuit held that "[s]uch a removal removes the *entire* case, not merely the portion affecting the removing sovereign."  *Id.*  As a result, it concluded that the district court "did not lack jurisdiction to decide the issues of immunity . . . and . . . [foreign] sovereign status."  *Id.*  The Ninth Circuit proceeded to affirm on the merits that one of the cross-defendants was not a foreign state and that the other cross-defendants retained sovereign immunity.  *Id.* at 1023–27.  The cross-defendant that had then been adjudged by two courts to lack foreign state status sought certiorari review in the Supreme Court.  *Powerex*, 551 U.S. at 228; 127 S. Ct. at 2415.

The Supreme Court granted certiorari to address whether the cross-defendant is entitled to foreign state status, but it "asked the parties to address in addition whether the Ninth Circuit had jurisdiction over [the cross-defendant's] appeal notwithstanding § 1447(d)."  *Id.*  The Supreme Court held "that § 1447(d) bars appellate consideration of [the cross-defendant's] claim that it is a foreign state."  *Id.* at 239; 127 S. Ct. at 2421.  It reasoned that the district court purported to remand based on a lack of subject matter jurisdiction, and to the extent appellate courts can look behind the district court's characterization of the basis for its

12

remand order, its review is "limited to confirming that that characterization was colorable." *Id.* at 233–34; 127 S. Ct. at 2417–18. The Supreme Court held "that when, as here, the [d]istrict [c]ourt relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)." *Id.* at 234; 127 S. Ct. at 2418. It reasoned that "[l]engthy appellate disputes about whether an arguable jurisdictional ground invoked by the district court was properly such would frustrate the purpose of § 1447(d) quite as much as determining whether the factfinding underlying that invocation was correct." *Id.* It noted that "the line between misclassifying a ground as subject-matter jurisdiction and misapplying a proper ground of subject-matter jurisdiction is sometimes elusively thin." *Id.*

Therefore, after *Powerex*, it is clear that paragraph (d) restricts the scope of appellate review of a district court's jurisdiction-based remand order to looking behind the face of that order for the limited and sole purpose of determining whether the reason stated is colorable.

## B

In this case, the district court was required to decide whether the claims arose under or related to the commitment letters or the loan documents, and then to interpret the applicable forum selection clause. It concluded that the claims arose under and related to both the commitment letters and the loan documents, which

13

led it to conclude that the forum selection clause in the loan documents applied

given the inconsistencies clause in the commitment letters.  It then interpreted that

forum selection clause as binding both the Developers and Red Mortgage to

litigate their disputes in Georgia state court.  Having concluded that Red Mortgage

was bound by the forum selection clause to litigate the case in state court, it held

that Red Mortgage could not consent to and join in the removal.  Finally, the

district court expressly concluded that, because "Red Mortgage could not validly

consent to the removal of this action, . . . the unanimity requirement is not met and

this action must be remanded."  Doc. 31 at 17.

The question before this Court is whether this case can be decided as

prescribed by *Russell*, or whether *Powerex* has abrogated *Russell* in any way to

limit its application in deciding this appeal.

The Defendants argue that *Powerex* does not affect *Russell*.  They first assert

that *Powerex* did not render remand orders based on forum selection clauses

unreviewable.  They contend that is so because *Powerex* did nothing to undermine

the rule in *Thermtron* that remand orders based on neither a defect in the removal

process nor a lack of jurisdiction are reviewable on appeal, and it did nothing to

undermine the fact that a remand order based on a forum selection clause simply

enforces the terms of a contractual agreement between two or more parties and is

thus not a defect in the removal process.  We agree with the Defendants that

14

*Powerex* did not alter the long-held view in this Court, as well as the view in every other circuit court to have addressed the issue, that remand orders based on interpretation and enforcement of a forum selection clause are reviewable on appeal. *Snapper*, 171 F.3d at 1253; *Florida Polk County v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 (11th Cir. 1999); *see FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) (listing cases); *Ocwen Orlando Holdings Corp. v. Harvard Prop. Tr., LLC*, 526 F.3d 1379, 1380–81 (11th Cir. 2008) (implying through exercise of jurisdiction that we have appellate authority to review remand orders based on interpretation and enforcement of a forum selection clause); *see also Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Tr. Co.*, 640 F.3d 821, 825 (8th Cir. 2011) (joining other circuit courts by holding that "[a] remand order based upon a contractual forum-selection clause is not a remand based upon a procedural defect or lack of subject-matter jurisdiction," and is thus reviewable on appeal). But those cases involved a forum selection clause that bound all the defendants, either because there was only one defendant or all the defendants were signatories to an enforceable contractual provision. The rule we stated in those cases, while unaffected by *Powerex*, does not resolve the circumstances presented both here and in *Russell*, wherein there are multiple defendants and enforcement of a forum selection clause against one defendant

15

leads to a defect in the removal process due to a lack of unanimous consent to removal among all the defendants.

The Defendants also argue that the Supreme Court's decision in *Powerex* is limited to remand orders based on a lack of subject matter jurisdiction because that was the basis for the remand order it dealt with in that case.  Appellants' Reply Br. at 4.  They would have us believe that *Powerex* must be limited to its facts and therefore has no bearing on remand orders that are premised on a defect in the removal process.  *Id.*  We disagree.  We see no logical or prudential reason for restricting the Supreme Court's discussion in *Powerex* of the scope of § 1447(d)'s jurisdictional bar on appellate review of remand orders to only those based solely on a lack of subject matter jurisdiction.  *See Atl. Nat'l Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 937 (9th Cir. 2010) ("Although *Powerex* involved a remand based on subject matter jurisdiction under § 1447(c), the Court's reasons for holding that 'review of the District Court's characterization of its remand . . . should be limited to confirming that that characterization was colorable' are equally applicable to remands relying on a non-jurisdictional defect.  Neither the plain language of § 1447(d) nor *Thermtron*'s gloss on that section distinguishes between orders based on jurisdictional and non-jurisdictional grounds." (citation omitted)).

16

While we must follow a decision of a prior panel of this Court even when a subsequent Supreme Court case weakens that decision, *see Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GmbH*, 921 F.3d 1291, 1301 (11th Cir. 2019), we are bound to follow a Supreme Court decision that undermines our circuit precedent to the point of abrogation, *see Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018).

In *Russell*, we held that we should disregard a district court's characterization of the basis for its remand order, and instead look behind a district court's labels at the reasons supporting its decision to remand. But the Supreme Court squarely held in *Powerex* that we cannot disregard the district court's characterization of its basis for remanding a case. Instead, *Powerex* instructs that we must accept the district court's colorable characterization of the basis for its remand. Therefore, to the extent *Russell* held otherwise, that part of our decision in *Russell* has been undermined to the point of abrogation.[3] We now hold that, under *Powerex*, § 1447(d) strips us of jurisdiction to review a remand order that a district court colorably characterizes as based on a lack of subject matter jurisdiction or a defect in the removal process—even if that characterization is

---

[3] *Russell* otherwise remains good law, at least insofar as it allows us to review a remand order based on a forum selection clause that the district court did not colorably characterize as being based on a lack of subject matter jurisdiction or a defect in the removal process, such as a lack of unanimous consent to removal.

driven by a decision to enforce a forum selection clause on a single defendant in a multi-defendant suit.

Applying that rule here, we conclude that the district court characterized the basis for its remand order as a lack of unanimous consent to removal.  Because that characterization logically follows from the district court's interpretation and enforcement of the forum selection clause in this case involving multiple defendants, the district court's characterization is colorable and must be credited in this appeal.  "The failure to join all defendants in the petition is a defect in the removal procedure." *Hernandez*, 334 F.3d at 1237 (quoting *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997)).  Consequently, we lack jurisdiction pursuant to § 1447(d) to review the district court's remand order.

The Defendants make three arguments attempting to undermine that conclusion.  First, they assert that the district court's order is appealable because, after it concluded its analysis, it cited our decision in *Russell* and indicated that it thought its order was appealable.  Oral Arg. 4:54–5:42, http://www.ca11.uscourts.gov/system/files_force/oral_argument_recordings/17-14967.mp3.  But the district court did not have the benefit of our decision here holding that *Powerex* at least partially abrogated our decision in *Russell*.  And its statement about the appealability of its remand order appeared only in its analysis of whether to stay the remand, which necessarily followed its decision to remand

18

the case.  Moreover, the district court's conclusion about our jurisdiction is not binding on us.  *See Jara*, 878 F.3d at 1271 ("This Court is under a duty to review its jurisdiction of an appeal at any point in the appellate process, and we review our subject matter jurisdiction *de novo*." (brackets, internal quotation marks, and citations omitted)).

Second, the Defendants argue that the district court premised its remand order on its enforcement of the forum selection clause, not on a lack of unanimity, because it cited *Russell* as the basis for remanding.  Oral Arg. 7:50–8:27.  They contend that the district court, in citing *Russell*, was attempting to characterize the basis for its remand order as the substantive decision it made about the forum selection clause rather than either of the two grounds recited in § 1447(c).  *Id.* That argument is unpersuasive.  The district court cited *Russell* not for the proposition that it was remanding based on a forum selection clause, but rather for the proposition that enforcement of a forum selection clause can lead to a lack of unanimous consent to removal in cases involving multiple defendants.  As we noted in *Russell*, which the district court correctly pointed out in its thorough remand order, that latter flaw is a defect in the removal process.  264 F.3d at 1044.

Last, the Defendants contend that "the district court never stated that it was remanding based on a 'defect' in the removal process."  Appellants' Reply Br. at 4. They argue that the district court instead colorably characterized the basis for its

19

remand order as enforcement of a valid forum selection clause.  *Id.* at 4–5.  But that argument misses the mark.  Although the district court did not explicitly label its conclusion as a "defect in the removal process" requiring remand, it is enough that such a label necessarily is implied from its express conclusion that the basis for its remand order was a lack of unanimous consent to removal.

IV

Because the district court colorably characterized the basis for its remand order as a lack of unanimous consent to removal, § 1447(d) precludes us from reviewing that order.  We therefore lack jurisdiction and must dismiss this appeal.

**DISMISSED.**