[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11187
_____

D.C. Docket No. 1:18-cv-00096-LAG


CANDACE J. THOMAS,
Individually and as Parent of Darius M. Thomas, deceased,
and as Administrator of the Estate of Darius M. Thomas,
DUDLEY THOMAS, III,
Individually and as Parent of Darius M. Thomas, deceased,
and as Administrator of the Estate of Darius M. Thomas,

Plaintiffs-Appellees,

versus

PHOEBE PUTNEY HEALTH SYSTEM, INC, et al.,

Defendants,

ALBANY AREA PRIMARY HEALTHCARE INC.,
CHERYL G. TOLLIVER, MD,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 25, 2020)

Before WILSON, LAGOA and HULL, Circuit Judges.

HULL, Circuit Judge:

In Georgia state court, Candace and Dudley Thomas, III, filed this medical malpractice lawsuit against Dr. Cheryl Tolliver, Albany Area Primary Healthcare Inc. ("AAP Healthcare"), and several other defendants. Pursuant to the Federally Supported Health Care Assistance Act of 1999 ("FSHCAA"), 42 U.S.C. § 233, the United States Attorney for the Middle District of Georgia ("the government") removed the case to federal district court, certifying that Dr. Tolliver and AAP Healthcare were "deemed" employees of the Public Health Service and were acting within the scope of that employment at the time of the alleged malpractice. The government sought to have the United States substituted as the defendant and the suit converted to an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1).

On further review, however, the government acknowledged that its § 233 scope-of-employment certification was in error, withdrew the certification, and stipulated to the remand of the case to state court. The district court agreed that

2

Dr. Tolliver and AAP Healthcare were not entitled to federal liability protections under the FTCA and remanded the case for lack of subject matter jurisdiction.

Dr. Tolliver and AAP Healthcare have appealed and ask us to review the district court's order remanding the case. Upon careful consideration and with the benefit of oral argument, we conclude that 28 U.S.C. § 1447(d) precludes us from reviewing the district court's order remanding this action to state court for lack of subject matter jurisdiction. Accordingly, we must dismiss this appeal for lack of jurisdiction.

## I.  BACKGROUND

### A.  Federally Supported Health Centers Assistance Act and Westfall Act

An FTCA suit against the United States is the exclusive remedy for medical malpractice by a Public Health Service employee acting within the scope of his or her employment. 42 U.S.C. § 233(a); see Hui v. Castaneda, 559 U.S. 799, 801-02, 130 S. Ct. 1845, 1848 (2010). Under the FSHCAA, health centers that receive federal grant funds and their employees may receive the same FTCA protection if they are "deemed to be an employee of the Public Health Service" by the Secretary of Health and Human Services ("HHS"). 42 U.S.C. § 233(g)(1)(A), (g)(4); see 42 U.S.C. § 201(c) (defining "Secretary" as Secretary of HHS). Here, effective January 1, 2015, AAP Healthcare was deemed an employee of the Public Health Service because it is a community health center that receives federal grant funding

3

to provide primary healthcare services at 15 locations in and around Albany, Georgia.[1]

Like other Public Health Service employees, health centers that are "deemed" employees are protected from suit only when "acting within the scope of [their] office or employment." 42 U.S.C. § 233(a). "Only acts and omissions related to the grant-supported activity of entities are covered." 42 C.F.R. § 6.6(d). Generally, an entity is covered only when it treats its patients; however, there are exceptions where treatment of nonpatients is covered by the FTCA.[2] 42 U.S.C. § 233(g)(1)(B), (C).

Section 233(b) provides that the Attorney General "shall defend any civil action" brought in court against any officer or employee of the Public Health Service acting in the scope of employment. Id. § 233(b); see Allen v. Christenberry, 327 F.3d 1290, 1294 (11th Cir. 2003). "Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at

---

[1]Entities, such as AAP Healthcare, must submit an annual application to the Secretary of HHS, meet certain requirements, and be approved annually for the upcoming calendar year. 42 U.S.C. §§ 201(c), 233(g)(1)(A), (g)(1)(D), (h).

[2]Provision of services to nonpatients is covered when it:
(i) benefits patients of the entity and general populations that could be served by the entity through community-wide intervention efforts within the communities served by such entity;
(ii) facilitates the provision of services to patients of the entity; or
(iii) [is] otherwise required under an employment contract (or similar arrangement) between the entity and an officer, governing board member, employee, or contractor of the entity.
§ 233(g)(1)(C).

the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed" to federal district court. 42 U.S.C. § 233(c). The United States is then substituted as the defendant, and the case proceeds against the United States under the FTCA. Id. § 233(a), (c). If, however, the "district court determine[s] on a hearing on a motion to remand" that a remedy against the United States under § 233(a) is not available—for example, because the defendant was not acting within the scope of employment—"the case shall be remanded to the State Court[.]" Id. § 233(c).

The Westfall Act is a separate statutory scheme offering FTCA protection for employees of the federal government. 28 U.S.C. § 2679. Like § 233, if the Attorney General certifies scope of employment under the Westfall Act, the case "shall be removed" to federal district court. Id. § 2679(d)(2). Unlike § 233, however, § 2679(d)(2) does not include a provision allowing the district court to remand a case back to state court. Rather, the Attorney General's certification under the Westfall Act is "conclusive[] . . . for purposes of removal." Id.

If the Attorney General refuses to certify scope of employment under the Westfall Act, the defendant employee may at any time petition for certification—"that the employee was acting within the scope of his office or employment"—from the court in which the case is pending. Id. § 2679(d)(3). If the case is pending in state court, the case "may be removed . . . by the Attorney General" to

5

federal district court.  Id.  "If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court."  Id.

## B.  Medical Malpractice Lawsuit

On May 1, 2015, plaintiff Candace Thomas took her 21-month-old son, Darius, to the Emergency Room at the Phoebe Medical Center – North Campus in Albany, Georgia, because he had a high fever.  Darius was given IV fluids and antibiotics and then discharged with a diagnosis of viral syndrome.

Two days later, Darius's parents brought him back to the Emergency Room because he was breathing hard, was coughing, and still had a fever.  Darius was diagnosed with bilateral pneumonia and transferred to Phoebe Putney Memorial Hospital ("Putney Hospital"), where he was treated by Dr. Tolliver.  At that time, Dr. Tolliver was an employee of AAP Healthcare, but worked full-time as a pediatric hospitalist at Putney Hospital under a contract between AAP Healthcare and the hospital.  About five hours after being transferred to Putney Hospital, Darius died.

On April 13, 2017, the Thomases filed this medical malpractice action against Dr. Tolliver, AAP Healthcare, and several other defendants in state court in Dougherty County, Georgia.  The Thomases alleged that Darius died because Dr.

Tolliver and the Putney Hospital nurses who treated him failed to appreciate the severity of his condition and take appropriate action.

## C. Removal to Federal Court

On May 9, 2018, the government removed the Thomases' lawsuit to federal district court pursuant to § 233(a) and (c), certifying that (1) Dr. Tolliver and AAP Healthcare were "deemed" employees of the Public Health Service and (2) the Thomases' complaint against them showed that they were being sued for actions they took while acting in that capacity in the course and scope of their employment. The government explained: "Congress has provided in 42 U.S.C. § 233(a) that the exclusive remedy for such a claim against the Federal Defendants is against the United States under 28 U.S.C. §§ 1346(b) and 2671 et. seq., the Federal Tort Claims Act (FTCA) and 42 U.S.C. § 233(a)."

Thereafter, the government moved to substitute the United States as the defendant and moved to dismiss the case because the Thomases failed to exhaust their administrative remedies, as required before pursuing claims under the FTCA.

The Thomases opposed the motions, arguing that Dr. Tolliver's treatment of Darius did not qualify for federal liability protections under the FTCA because Dr. Tolliver's work at Putney Hospital was not related to AAP Healthcare's federal grant-supported activity and did not fit any exception extending FTCA coverage to non-patients. The Thomases pointed out that, in its HHS grant application, AAP

7

Healthcare specified that it would use its federal funding to provide primary healthcare services at 15 "permanent and fixed" service delivery sites in and around Albany, Georgia. Putney Hospital was not one of those sites.

Instead, Dr. Tolliver worked at Putney Hospital by virtue of a separate contract between AAP Healthcare and the hospital, in which AAP Healthcare agreed to provide 24/7 pediatric hospitalist services, including Dr. Tolliver's services, to Putney Hospital.[3] Because Dr. Tolliver's treatment of Darius was not related to AAP Healthcare's federal grant-related activities, the Thomases argued that the care and treatment at issue in their lawsuit did not occur within the course and scope of the deemed employment of the Public Health Service. The Thomases also moved to remand the case back to state court because, without the application of § 233 and the FTCA, the district court lacked subject matter jurisdiction over their state-law malpractice claims.

In response, on June 29, 2018, the government conceded that its certification was erroneous and filed a Stipulation to Remand and Decertification of Course and Scope of Employment. After further evaluation of the relevant evidence, the government concluded that (1) while AAP Healthcare was a covered entity, the acts giving rise to the lawsuit were not related to its federal grant activities,

---

[3]AAP Healthcare obtained a malpractice insurance policy to cover its pediatric hospitalists' treatment of any individual who was not an AAP Healthcare patient at Putney Hospital.

(2) Darius had never been a patient of AAP Healthcare at any service site set forth in its HHS grant application, and (3) treatment of Darius did not fall within one of the limited exceptions extending FTCA coverage to non-patients.  The government therefore withdrew its previous certification and decertified that Dr. Tolliver and AAP Healthcare were eligible for FTCA coverage under § 233.

Attorneys representing Dr. Tolliver and AAP Healthcare then entered an appearance in the case and opposed the decertification.  On July 3, 2018, they filed a motion for certification of scope of employment under the Westfall Act, 28 U.S.C. § 2679(d)(3), petitioning the district court to certify that Dr. Tolliver "was acting within the scope of her office or employment," despite the government's contrary conclusion.

## D.  Remand to State Court for Lack of Subject Matter Jurisdiction

On March 6, 2019, the district court entered an order denying Dr. Tolliver and AAP Healthcare's motion for certification of scope of employment and remanding the case to state court for lack of subject matter jurisdiction.  As an initial matter, the district court determined that Dr. Tolliver and AAP Healthcare could properly invoke § 2679(d)(3) to petition for a certification of scope of employment for purposes of the FSHCAA and § 233 claims.

The district court, however, denied certification, explaining that, while AAP Healthcare had been deemed an employee of the Public Health Service, Dr.

9

Tolliver and AAP Healthcare were not entitled to coverage because AAP Healthcare's federal grant "was to provide primary care services to fifteen delivery sites" and Putney Hospital, where Darius was treated, "was not one of those designated sites." Furthermore, the district court found that (1) Darius was a patient of Putney Hospital, not AAP Healthcare, and (2) Dr. Tolliver's treatment of Darius did not fall into any exception that extended FTCA coverage to non-patients. Because "the [FSHCAA] no longer provide[d] a basis for federal jurisdiction," and "[t]here [was] no other independent basis for subject matter jurisdiction," the district court remanded the case back to state court.

Dr. Tolliver and AAP Healthcare appeal the district court's order remanding the case for lack of subject matter jurisdiction. In turn, the Thomases have moved to dismiss this appeal for lack of appellate jurisdiction. For its part, the government has filed an amicus brief, agreeing with the Thomases that we must dismiss this appeal for want of appellate jurisdiction under 28 U.S.C. § 1447(d).

## II.  APPELLATE JURISDICTION

"We have a duty to assure ourselves of our jurisdiction at all times in the appellate process." Overlook Gardens Props., LLC v. ORIX USA, L.P., 927 F.3d 1194, 1198 (11th Cir. 2019). We review de novo our appellate jurisdiction. Id.

### A.  28 U.S.C. § 1447(d)

10

Section 1447(d) provides in relevant part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447(d).[4] The Supreme Court held in Thermtron Products, Inc. v. Hermansdorfer that § 1447(d)'s bar on appellate review of remand orders must be read "in pari materia" with § 1447(c), which specifies that district courts must remand cases for lack of subject matter jurisdiction and defects in the removal process. 423 U.S. 336, 342, 345-46, 96 S. Ct. 584, 589-90 (1976), abrogated in part on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714-15, 116 S. Ct. 1712, 1720 (1996). Therefore, the Supreme Court has interpreted § 1447(d) to preclude appellate review only of remands for lack of subject matter jurisdiction and for defects in the removal procedure. Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 229-30, 127 S. Ct. 2411, 2415-16 (2007).

As this Court has explained, "[i]f at any time before final judgment the district court issues an order remanding a case to state court because it lacks subject matter jurisdiction, that order is not reviewable." Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 641 (11th Cir. 2007). This bar on appellate review of subject-matter-jurisdiction remands applies regardless of whether the jurisdictional defect

_____

[4]Section 1447(d) exempts from its general bar on appellate review remand orders in actions or prosecutions of federal officers or agencies and in certain civil rights cases. 28 U.S.C. § 1447(d); Overlook Gardens Props., 927 F.3d at 1198 n.2.

11

was present at the time of removal or arose after.  See Powerex, 551 U.S. at 232, 127 S. Ct. at 2417 ("[A] case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand.").  And we must accept the district court's colorable characterization of the basis for its remand.  See Overlook Gardens Props., 927 F.3d at 1200, 1202 (holding that § 1447(d) "restricts the scope of appellate review of a district court's jurisdiction-based remand order to looking behind the face of that order for the limited and sole purpose of determining whether the reason stated is colorable").

When § 1447(d) applies, this Court must dismiss the appeal without discussing whether the district court made a mistake.  Kircher v. Putnam Funds Tr., 547 U.S. 633, 642, 126 S. Ct. 2145, 2154 (2006) ("[W]here the order is based on one of the [grounds enumerated in 28 U.S.C. § 1447(c)], review is unavailable no matter how plain the legal error in ordering the remand." (quoting Briscoe v. Bell, 432 U.S. 404, 413 n.13, 97 S. Ct. 2428, 2433 n.13 (1977)).  This is because "[s]ection 1447(d) reflects Congress's longstanding policy of not permitting interruption of the litigation of the merits of a removed case by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed." Powerex, 551 U.S. at 238, 127 S. Ct. at 2421 (quotation marks omitted).

## B.  Limited Exception:  Osborn v. Haley

12

Despite the force of the § 1447(d) bar, case law has staked out limited exceptions. W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts & Co., 566 F.3d 979, 983 (11th Cir. 2009). Because Dr. Tolliver and AAP Healthcare assert that we have appellate jurisdiction based on the Supreme Court's decision in Osborn v. Haley, we will discuss that case in some detail.

In Osborn v. Haley, the Supreme Court held that courts of appeals may review a district court's order remanding a case removed by the Attorney General under § 2679(d)(2) of the Westfall Act, despite § 1447(d)'s bar. 549 U.S. 225, 243-45, 127 S. Ct. 881, 895-96 (2007). Under the Westfall Act, when federal employees are sued for common-law torts that occurred in the course of their official duties, the United States is substituted as the defendant after the Attorney General certifies that the employee had acted within the scope of his or her federal employment. 28 U.S.C. § 2679(d)(1)-(2). That certification "conclusively establish[es] scope of office or employment for purposes of removal," id. § 2679(d)(2), and by extension, exclusive federal jurisdiction, Osborn, 549 U.S. at 231, 127 S. Ct. at 889.

In Osborn, the plaintiff sued a federal employee, Barry Haley, in state court alleging tortious interference with the plaintiff's employment. Id. at 232-33, 127 S. Ct. at 889. The Attorney General removed the suit and certified under § 2679(d)(2) that Haley had acted within the scope of his federal employment,

13

which automatically substituted the United States as the defendant. Id. at 233-34 & n.2, 127 S. Ct. at 889-90 & n.2. The district court, nevertheless, overruled the Attorney General's certification and remanded the case to state court. Id. at 234-35, 127 S. Ct. at 890. The remand was erroneous because § 2679(d)(2) says that "certification [by] the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2); see Osborn, 549 U.S. at 243, 127 S. Ct. at 895. Hence, once an Attorney General makes a scope-of-employment certification under § 2679(d)(2), the suit must proceed in federal court, and the district court may not remand the suit even if the certification was erroneous. Osborn, 549 U.S. at 231, 241-42, 127 S. Ct. at 889, 894-95 (explaining that, by making a § 2679(d)(2) certification conclusive for purposes of jurisdiction, Congress wanted to "foreclose needless shuttling of a case from one court to another" (quotation marks omitted)).

Ultimately, the Supreme Court held that "§ 1447(d)'s bar on appellate review of remand orders does not displace § 2679(d)(2), which shields from remand an action removed pursuant to the Attorney General's certification." Id. at 231-32, 127 S. Ct. at 889. The Supreme Court reasoned that § 2679(d)(2) must be treated as an exception to § 1447(d) to prevent district court judges from nullifying that provision of the Westfall Act. Id. at 244, 127 S. Ct. at 895-96.

14

The Supreme Court discussed at some length "[t]he [Westfall] Act's distinction between removed cases in which the Attorney General issues a scope-of-employment certification, and those in which he does not." Id. at 240-41, 127 S. Ct. at 894. In the case where the Attorney General issues a certification, § 2679(d)(2) displaces § 1447(d) because the district court has no authority to remand. Id. at 243-44, 127 S. Ct. at 895-96 (reasoning that "of the two antishuttling commands, § 1447(d) and § 2679(d)(2), only one can prevail"). In contrast, where the Attorney General does not issue a certification, under § 2679(d)(3), the district court must remand the case if it decides that the person seeking certification is not entitled to it. Id. at 241-42, 127 S. Ct. at 894. The Supreme Court concluded: "Only in the extraordinary cases in which Congress has ordered the intercourt shuttle to travel just one way—from state to federal court—does today's decisions hold sway." Id. at 244, 127 S. Ct. at 896.

## C. Analysis

Here, the district court expressly remanded the case to state court for lack of subject matter jurisdiction because (1) "the Government properly withdrew its certification," so "the [FSHCAA] no longer provide[d] a basis for federal jurisdiction," and (2) "[t]here [was] no other independent basis for subject matter jurisdiction." Consequently, § 1447(d) bars our consideration of Dr. Tolliver and

15

AAP Healthcare's claim that the district court erred in remanding the case to state court.

Dr. Tolliver and AAP Healthcare make two arguments as to why we may review the district court's remand order notwithstanding § 1447(d)'s command. First, they assert that the government issued a certification of scope of employment and removed the case under § 2679(d)(2) of the Westfall Act and thus we have appellate jurisdiction pursuant to Osborn.  This argument misses the mark because the government did not issue its certification of scope of employment or remove this case under § 2679(d)(2).  Rather, the government's certification and removal were exclusively under § 233(a) and (c) of the FSHCAA.

This remains true even though, in its removal notice, the government cited 28 U.S.C. § 2671 et seq., along with § 233(a) and § 1346(b) in explaining that the Thomases' malpractice lawsuit should proceed as an FTCA claim against the United States.  Likewise, the fact that, in its motion for substitution of the United States, the government generally cited to § 2679, as well as to § 233(a) and (c), does not transform this case into one removed under § 2679(d)(2) of the Westfall Act.  Indeed, the government repeatedly made clear that its scope-of-employment certification was under § 233(a) and (c) of the FSHCAA and later acknowledged that its citation to the Westfall Act was mistaken because § 2679(d) applies only to "employee[s] of the government."  Because the government removed this case

16

under § 233(a) and (c), and not under § 2679(d)(2), Osborn's narrow exception to § 1447(d)'s bar on appellate review of remand orders has no application here.

Moreover, cases removed by the government under § 233(a) and (c) do not fall within Osborn's exception to § 1447(d) either.  This is because, under § 233(c), even where the Attorney General has certified that the defendant was acting within the scope of his employment, the district court has authority to remand the case to state court if it determines that a remedy by suit against the United States is not available.  42 U.S.C. § 233(c) ("Should a United States district court determine . . . that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court[.]").  To that end, § 233(c) expressly contemplates that the district court will entertain a motion to remand in proceedings removed under that provision.  This is in stark contrast to § 2679(d)(2), which makes the Attorney General's certification conclusive for purposes of removal.  28 U.S.C. § 2679(d)(2).  By its terms, § 233(c) does not create the one-way "intercourt shuttle" that Osborn described and therefore the narrow exception of Osborn does not permit us to review the district court's remand decision.[5]  See Osborn, 549 U.S. at 244, 127 S. Ct. at 896.

_____

[5]Dr. Tolliver and AAP Healthcare's reliance on the Seventh Circuit's decision in Alexander v. Mount Sinai Hospital Medical Center, 484 F.3d 889, 892, 895-96 (7th Cir. 2007)

17

Second, Dr. Tolliver and AAP Healthcare contend that we have jurisdiction to review the district court's remand order because the court failed to conduct a hearing as required by § 233(c) before remanding the case.[6]  But that the district court might have made a legal error in remanding the case for lack of subject matter jurisdiction does not mean we have appellate jurisdiction to review the remand in the first place.  Such a conclusion would, of course, collide head on with § 1447(d).  It would also run afoul of Supreme Court precedent that has "relentlessly repeated that any remand order issued on the grounds specified in § 1447(c) is immunized from all forms of appellate review, whether or not that order might be deemed erroneous by an appellate court."  Kircher, 547 U.S. at 640, 126 S. Ct. at 2153 (quotation marks omitted and alteration accepted); see Powerex, 551 U.S. at 238-39, 127 S. Ct. at 2421 ("Appellate courts must take that jurisdictional prescription seriously, however pressing the merits of the appeal might seem.").

## III.  CONCLUSION

---

fares no better because, there, the government removed the case pursuant to § 2679(d)(2), which rendered Osborn controlling.

[6]We do not discuss here whether the district court was correct in concluding that, even if the government removed the case under § 233(a) and (c), Dr. Tolliver and AAP Healthcare, independently of the government, could invoke § 2679(d)(3) of the Westfall Act to seek a scope-of-employment certification.  Even assuming arguendo that Dr. Tolliver and AAP Healthcare could rely on § 2679(d)(3), this Court still lacks appellate jurisdiction to review the district court's remand order pursuant to 28 U.S.C. § 1447(d).

18

Because the government removed this case under § 233(a) and (c), and the district court remanded it to state court for lack of subject matter jurisdiction, § 1447(d) precludes us from reviewing the remand order.  Accordingly, we lack appellate jurisdiction and must dismiss the appeal.

**APPEAL DISMISSED.**