[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10429
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-00657-VMC-TGW

JACQUELYN BOUAZIZI,

Plaintiff-Appellant,

versus

HILLSBOROUGH COUNTY CIVIL SERVICE BOARD, and
HILLSBOROUGH COUNTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 29, 2021)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Plaintiff Jacquelyn Bouazizi, pro se, filed a third amended complaint in which she alleged that defendants Hillsborough County and the Hillsborough County Civil Service Board violated 42 U.S.C. § 1983, the Equal Pay Act, and the Equal Protection Clause. She filed this complaint in the United States District Court for the Middle District of Florida, which dismissed her claims as untimely. Unsatisfied, Bouazizi filed multiple motions for relief from judgment and reconsideration, all of which the district court denied. Because Bouazizi has not shown that the district court abused its discretion, we affirm.

I.

About five years before her claims were dismissed as untimely, Bouazizi was employed by the County. She worked in various roles for the County from 1978 to 2014, when she resigned. Even before her tenure with the County ended, Bouazizi had been filing EEOC charges.

The action that forms the foundations of this appeal was filed in 2015. Bouazizi's complaint began in state court, only alleged state causes of action, and only named the County as defendant. But the first amended complaint added the Civil Service Board as a defendant, and the second amended complaint added causes of action under Title VII and the Equal Pay Act. The second amended complaint was filed in February 2019, and was removed to the United States District Court for the Middle District of Florida the following month. The County and the Board then moved to dismiss, and the district court granted those motions as unopposed.

2

Bouazizi filed two motions to reconsider the dismissal, and the district court granted the second one, reopening the case. But the court's permission to file another amended complaint came with caveats: Bouazizi was only allowed to assert § 1983 claims, and was warned not to file a shotgun complaint. And the court noted that if she did not file by the deadline, the case would be dismissed without further notice.

Bouazizi filed a third amended complaint in May 2019. In it, she alleged violations not just of § 1983, but also the Equal Pay Act. In orders that same month and the next, the court dismissed the complaint with prejudice, finding that the § 1983 claims were time-barred. As for the Equal Pay Act claims, the court found that there was no permission to raise them in this complaint, and in any event it found that these claims were time-barred as well. That was Bouazizi's last complaint.

But it was not her last filing. In fact, the dismissal of the third amended complaint triggered a rash of efforts by Bouazizi to have the district court reconsider its resolution of her case.

- On December 5, 2019, Bouazizi filed a Rule 60 motion for relief from judgment. This motion was denied on December 27.

- On January 10, 2020, Bouazizi filed a motion to reconsider the December 27 order. This motion was denied on January 13.

- On January 13, 2020, Bouazizi filed an amended motion for reconsideration, asking the court to reconsider its December 27 and January 13 orders. This motion was denied on January 14.

3

- On January 21, 2020, Bouazizi filed a motion for sanctions against both her own and the defendants' attorneys under Federal Rule of Civil Procedure 11(b), as well as a motion for reconsideration of the December 27, January 13, and January 14 orders. Both of these motions were denied on January 23.

- On January 22, 2020, Bouazizi filed an amended motion for sanctions. This motion was denied on January 23.

- On January 23, 2020, Bouazizi filed a motion for clarification of the orders dismissing her third amended complaint. The court responded in a January 27 order, in which the court explained that Bouazizi had no claims pending before it.

- On January 30, 2020, Bouazizi filed a second motion for relief from judgment under Rule 60 as to the December 27 order. This motion was denied on January 31.

The lack of success at the district court prompted Bouazizi to file a notice of appeal on February 4, 2020, in which she listed each of the above district court orders. She argues in her initial brief that the statutes of limitations that barred her complaint should have been equitably tolled, and that the district court erred in denying her motions for relief from judgment and reconsideration under Rules 59 60.[1]

---

[1] The Board filed a response brief. The County did not.

II.

We review a district court's order on a Rule 60(b) motion for abuse of discretion. *Willard v. Fairfield Southern Co., Inc.*, 472 F.3d 817, 821 (11th Cir. 2006). We also review a district court's denial of a motion for reconsideration for abuse of discretion. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007).

III.

A.

The first argument Bouazizi raises before us is that the district court erred in ruling that her third amended complaint was time-barred in the first place. She argues that the district court should have equitably tolled the statutes of limitations that barred the claims in her third amended complaint. To support equitable tolling, Bouazizi alleges that the "negligent acts" of her attorneys and misrepresentations by the defendants' attorneys constitute "extraordinary circumstances."

As an initial matter, Bouazizi's notice of appeal does not list the district court's orders that dismissed her complaint with prejudice. So it is not clear that Bouazizi is even requesting review of the district court's dismissal of those particular claims. But even if she is, we lack jurisdiction to review those orders.

We have "a duty to assure ourselves of our jurisdiction at all times in the appellate process," and review whether we have appellate jurisdiction de novo. *Overlook Gardens Props. LLC v. ORIX USA, L.P.*, 927 F.3d 1194, 1198 (11th Cir. 2019). The requirement to file a notice of appeal within thirty days of the entry of

5

final judgment is "mandatory and jurisdictional." *Rinaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir. 2001) (quotations omitted). As relevant for Bouazizi, this time limit can be tolled if a Rule 60 motion for relief from judgment is filed "no later than 28 days after the judgment is entered." Fed. R. App. Proc. 4(a)(4)(A)(vi). In that case, the thirty-day period does not start until the entry of the order disposing of that motion for relief. *Id.*

That exception to the general thirty-day limit does not save Bouazizi's appeal. The last order dismissing the third amended complaint was on June 24, 2019. Under Rule 4(a)(7), then, the judgment would become final 150 days later, on November 21. But Bouazizi filed her Rule 60 motion for relief from judgment on December 5, which was within 28 days of the entry of the judgment. That motion was denied on December 27, meaning that Bouazizi had thirty days from then to file a notice of appeal to challenge the dismissal of her complaint. Any notice of appeal, then, could be filed no later than January 26, 2020. Because the earliest notice of appeal in the record was filed on February 3, 2020, she failed to abide by that time limit and an appeal of the disposition of her complaint is not properly before us.

### B.

We do, however, have jurisdiction to review the orders disposing of Bouazizi's post-judgment motions. The only arguments Bouazizi raises in her initial brief contend that relief from judgment is warranted under Rule 60. She argues that she is entitled to relief because of excusable neglect under Rule 60(b)(1), newly discovered evidence under Rule 60(b)(2), fraud or

6

misrepresentation under Rule 60(b)(3), and any other reason justifying relief under Rule 60(b)(6).[2]  Bouazizi has not shown that she can succeed under any of these grounds.

Bouazizi spends most of her initial brief arguing that her attorneys committed excusable neglect, and that such neglect justifies relief from judgment. In particular, she alleges that her attorneys were negligent in failing to follow court orders, failing to respond to motions in a timely manner, failing to present evidence, and failing to argue that the complaints were not time-barred. *Id.*  Under Rule 60(b)(1), relief from judgment may issue for "mistake, inadvertence, surprise, or excusable neglect."  In this Circuit, "the party seeking relief under Rule 60(b)(1) must provide a justification so compelling that the district court had to vacate the challenged order." *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329, 1343 (11th Cir. 2015).  But much of what Bouazizi complains of are legal errors, which our precedent forecloses from supporting a claim of "excusable neglect." *United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012).  And for the other alleged failings of her attorneys, Bouazizi raises no controlling case law that suggests the district court abused its discretion in finding that those failures did not justify granting relief from judgment.

Bouazizi also argues that she is entitled to relief because she claims to now proffer newly discovered evidence.  Under Rule 60(b)(2), "newly discovered

---

[2] While Bouazizi's notice of appeal also raises the denial of her motions for sanctions as well as the order connected with the motion for clarification, there is no substantial discussion of those matters in her initial brief.  We consider any related arguments therefore waived. *United States v. Silvestri*, 409 F.3d 1311, 1338 n.18 (11th Cir. 2005).

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" can provide reason for relief from judgment. But the only "newly discovered evidence" Bouazizi raises in her brief is a legal theory concerning the Family and Medical Leave Act. That is a legal argument, and she cannot raise it under a Rule 60(b)(2) motion by labeling it as evidence.

The claims that the defendants' and Bouazizi's own attorneys made misrepresentations and committed fraud under Rule 60(b)(3) cannot succeed either. Rule 60(b)(3) states that relief from judgment may issue for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." In other words, Bouazizi's claims against her own attorneys under this subsection fail from the start; even if they made misrepresentations, they are not an "opposing party." And her brief's allegations of fraud on the part of the defendants' attorneys are nothing more than conclusory. Bouazizi needs to show "clear and convincing" evidence of fraud in order to merit relief under Rule 60(b)(3). *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 734 (11th Cir. 2014). That she did not do.

Neither can Bouazizi prevail under Rule 60(b)(6), which provides that relief from judgment may issue for "any other reason that justifies relief." That subsection is only for "cases that do not fall into any of the other categories listed in parts (1)-(5) of Rule 60(b)." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 n.4 (11th Cir. 2008). Bouazizi alleges negligence of her attorneys in connection with Rule 60(b)(6). That claim we already addressed under Rule

8

60(b)(1); having found it unsuccessful there, she cannot resuscitate it under Rule 60(b)(6).

And finally, to the extent Bouazizi argues that the district court's denial of her motions for reconsideration was error, that argument fails too. If she did not show that the underlying denial of relief from judgment was not an abuse of discretion, she can hardly show that a denial of a subsequent motion for reconsideration was an abuse of discretion either. *Cf. Corwin*, 475 F.3d at 1254 (district court did not abuse its discretion in denying a motion for reconsideration because "the record support[ed] the [underlying] grant of summary judgment"). In connection with her motions for reconsideration, Bouazizi only refers to mistakes and negligence by her attorneys, and fraud by both her attorneys and the defendants' attorneys. As with the motion for relief from judgment, Bouazizi has presented no controlling case to us that her often conclusory allegations mandate reconsideration.

## IV.

The litigation before us today began in 2015. Three amendments to the complaint, dismissal with prejudice, two motions for relief from judgment, and various motions of reconsideration later, we were presented with this appeal. The orders denying relief from judgment or reconsideration of the district court's orders are reviewed for abuse of discretion. Bouazizi did not show that sort of error.

**AFFIRMED**.

9