**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11344

Non-Argument Calendar

_____

CRYSTAL MAYE,

　　as Trustee, F.S. 736082, on Behalf of
　　Blanche Bale Irrevocable Living Trust for Trustor,
　　deceased Perelena Douce,

　　　　　　　　　　　　　　　　　　　*Plaintiff-Appellant,*

*versus*

BREVARD COUNTY TAX COLLECTOR,

OCEAN TAX DEED INVESTMENT, LLC.,

BREVARD COUNTY SHERIFF'S DEPARTMENT,

　　　　　　　　　　　　　　　　　　　*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-02040-WWB-RMN

_____

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Plaintiff Crystal Maye appeals the district court's orders denying her motions for leave to proceed in forma pauperis, dismissing the amended complaint, and striking her "affidavit support for claims." We **AFFIRM**.

## I.

"We have a duty to assure ourselves of our jurisdiction at all times in the appellate process." *Thomas v. Phoebe Putney Health Sys., Inc.*, 972 F.3d 1195, 1200 (11th Cir. 2020) (quotation omitted). A "timely and properly filed notice of appeal is a mandatory prerequisite to appellate jurisdiction." *PlayNation Play Sys., Inc., v. Velex Corp.*, 939 F.3d 1205, 1210 (11th Cir. 2019) (quotation omitted). Therefore, as a threshold matter, we must decide whether Maye's notice of appeal is timely.

Federal Rule of Civil Procedure 54(a) defines a "judgment" to include "a decree and any order from which an appeal lies." And under Rule 58(a), "[e]very judgment and amended judgment must be set out in a separate document," unless the order disposes of a motion under Rule 50(b), Rule 52(b), Rule 54 (for attorney's fees), Rule 59, or Rule 60.

On December 8, 2023, the district court denied Maye's motions for leave to proceed in forma pauperis, dismissed the amended complaint without prejudice, and directed the Clerk to "close this case." The Clerk, however, did not enter a judgment set out in a separate document. Because Rule 58(a) required a separate document, Maye had 180 days from the date of the dismissal

24-11344          Opinion of the Court          3

order to file her notice of appeal.  *See* Fed. R. App. P.  4(a)(1)(A), 4(a)(7)(A)(ii).  Maye timely filed her notice of appeal on April 29, 2024.

Maye also appeals the district court's March 27, 2024, order striking her "affidavit support for claims."  There was no separate document setting out that judgment either.  Because the "affidavit support for claims" is properly construed as a second amended complaint, none of Rule 58(a)'s enumerated exceptions apply.  Maye had 180 days to appeal the district court's March 27, 2024, order.  Her notice of appeal is timely.

We have jurisdiction over this appeal.

**II.**

We need not dwell on the merits.  Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The amended complaint and "affidavit support for claims" are "incomprehensible shotgun pleading[s]." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).  They make it "nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Id.*  Because these inscrutable filings violate Rule 8(a)(2), the district court correctly denied Maye's motions for leave to proceed in forma pauperis, dismissed the amended complaint, and struck the "affidavit support for claims." *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

4                          Opinion of the Court                     24-11344

★      ★      ★

We **AFFIRM**.