[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12488

Non-Argument Calendar

_____

JULIA M. ROBINSON,

                                                        Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,
U.S. Department of Justice,

                                                        Defendant,

FEDEX INC.,
FEDEX,
JOHN DOES,
JANE DOES,
THE UNITED STATES OF AMERICA,

2                    Opinion of the Court                    23-12488

FEDEX OFFICE,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-00043-MHC

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Julia Robinson appeals the district court's orders dismissing the United States as a defendant for lack of service and dismissing the rest of her lawsuit for failure to comply with a court order. After careful review, we affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Robinson's forty-page complaint—mostly single-spaced with repeated paragraph numbers—sought $280,570,900 and injunctive relief. While we won't delve into the specifics, it alleged FedEx, FedEx Office and Print Services, Inc. (collectively, FedEx), the United States, and several John and Jane Does conspired against her. Robinson's complaint asserted a litany of claims lumped into a single paragraph that didn't distinguish between any of the defendants. It also didn't specify the causes of action brought against

FedEx specifically.  FedEx moved to dismiss the complaint, arguing that it was a shotgun pleading.

Soon after, the district court ordered Robinson to demonstrate why it shouldn't dismiss the United States for lack of timely service because she didn't comply with the requirements for service on the United States.  She responded by filing 455 pages of briefing and documents, but she never provided sufficient proof of service on the United States.

The district court then dismissed the United States for lack of service, dismissed certain claims against FedEx with prejudice, and dismissed all other claims without prejudice because the complaint was a shotgun pleading.  The district court directed Robinson to file an amended complaint that addressed the deficiencies in her complaint, including by "identify[ing] each of her legal causes of action against FedEx based on separate occurrences in separate counts of the amended complaint, each with its own heading identifying it as a count" and "identify[ing] by reference which specific factual allegations . . . support[ed] each cause of action."  It also warned Robinson that failure to comply would result in dismissal.

Robinson filed an amended complaint that largely mirrored her first one and failed to cure the deficiencies identified by the district court.  The district court sua sponte dismissed Robinson's lawsuit with prejudice under Northern District of Georgia Local Rule 41.3A(2) because she failed to comply with its order.

Robinson appealed forty-six days later.

## STANDARD OF REVIEW

We review de novo our jurisdiction. *Thomas v. Phoebe Putney Health Sys., Inc.*, 972 F.3d 1195, 1200 (11th Cir. 2020). A district court's dismissal for failure to timely serve a defendant or for failure to follow a court order is reviewed for an abuse of discretion. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 918 (11th Cir. 2020) (lack of service); *see Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (failure to follow court order). Typically, we also review for an abuse of discretion a district court's recusal decision. *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001). But if the plaintiff did not move for recusal, we only review for plain error. *See Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983).

## DISCUSSION

Giving Robinson's brief a liberal reading, as we must, *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), she appears to raise three challenges to the district court's orders. First, she argues that the district court erred in dismissing her claims against the United States for lack of service. Second, she contends the district court erred in dismissing her amended complaint as a shotgun pleading. And third, she asserts the district court was biased against her. FedEx responds that we don't have jurisdiction because Robinson's notice of appeal was untimely filed. We start with jurisdiction and then take Robinson's arguments in turn.

*Jurisdiction*

FedEx argues that we don't have jurisdiction because Robinson didn't timely appeal the district court's order. The company acknowledges that a party has sixty days to appeal in cases where the United States is a party, but it contends that the United States never became a party because it wasn't served. *See* Fed. R. App. P. 4(a)(1)(B)(i). Robinson, thus, had thirty days to file her notice of appeal under the rule for run-of-the-mill civil cases where the United States is not a party. *See id.* R. 4(a)(1)(A). Because Robinson filed her notice forty-six days after the district court dismissed the case, FedEx contends, her appeal must be dismissed as untimely.

A timely notice of appeal is a jurisdictional requirement. *Green v. DEA*, 606 F.3d 1296, 1300 (11th Cir. 2010). "[I]f one of the parties" in a civil case "is . . . the United States," a party can file a notice of appeal "within 60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B)(i). The relevant phrase—"one of the parties"—was adopted in 2011. Fed. R. App. P. 4(a)(1)(B) (2011). "One . . . against whom a lawsuit is brought" is a "party." *Party*, Black's Law Dictionary (9th ed. 2009); *see also United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) (interpreting Federal Rule of Appellate Procedure 4).

Robinson brought this lawsuit against the United States, so it was clearly "one of the parties." Thus, the sixty day, rather than the thirty day, time limit for filing the notice of appeal applied. *See* Fed. R. App. P. 4(a)(1)(B)(i). Because Robinson filed her notice of

6                    Opinion of the Court                    23-12488

appeal within sixty days of the district court's final order, her appeal was timely and we have jurisdiction to consider it.[1]

### Service on the United States

Robinson first argues that the district court erred in dismissing her claims against the United States for lack of service. Federal Rule of Civil Procedure 4 provides that, to serve the United States, a party must either (1) deliver a copy of the summons and complaint to "the United States attorney for the district where the action is brought," an assistant United States attorney, or a designated clerical employee; or (2) send a copy of the summons and complaint "by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A). Additionally, the party must "send a copy of each by registered or certified mail to the Attorney General." Fed. R. Civ. P. 4(i)(1)(B). "If a defendant is not served within 90 days after the complaint is filed,

---

[1] We're not convinced by the three cases FedEx cites for the proposition that a defendant only becomes a party for Federal Rule of Appellate Procedure 4 purposes after it is served because those cases were not applying or interpreting appellate rule 4. *See Saucier v. Katz*, 533 U.S. 194, 211 n.1 (2001) (Ginsburg, J., concurring in the judgment) (explaining why one of defendants "did not become a party to th[e] litigation"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (stating only that "one becomes a party officially . . . only upon service of a summons" when determining when a defendant's time to remove a case begins to run); *Loman Dev. Co., Inc. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1536 (11th Cir. 1987) (holding that unserved defendants were not parties under an old version of Federal Rule of Civil Procedure 54). *Eisenstein*, on the other hand, was interpreting and applying appellate rule 4.

the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

At most, Robinson's proof of service showed that she served someone at the United States Attorney's office; there was no indication she also sent a copy to the Attorney General, as required by civil rule 4(i). By the time the district court considered the service issue, nearly 140 days had elapsed since Robinson filed her complaint and she was well outside of civil rule 4(m)'s time limit. Before dismissing the United States, the district court, as it was required to do, "consider[ed] whether any other circumstances warrant[ed] an extension of time" and determined there were none. *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). We see no abuse of discretion in that determination.

*Dismissal with Prejudice*

Next, Robinson contends that the district court abused its discretion when dismissing her amended complaint. "Dismissal of an action for failure to comply with" a court order "is permitted under" rule 41(b). *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also* N.D. Ga. L.R. 41.3 (stating the court "may . . . dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the [c]ourt"). "While dismissal is an extraordinary remedy, dismissal [with prejudice] upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon*, 863 F.2d at 837.

Before a district court dismisses a case with prejudice, it must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K*, 432 F.3d at 1339. The district court does not need to make that finding explicitly and satisfies the requirement when its order contains an "implicit determination." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006).

Robinson hasn't shown an abuse of discretion here. We have repeatedly condemned the use of "shotgun pleadings," and Robinson's initial complaint was a textbook shotgun pleading because it did "not separat[e] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). When dismissing the initial complaint, the district court "forewarned" Robinson that failure to correct the shotgun issue would result in dismissal. *Moon*, 863 F.2d at 837. And we find more than enough support for its implicit finding of a clear pattern of delay or willful conduct and that a lesser sanction would be inadequate. *See Zocaras*, 465 F.3d at 484. By the time of dismissal, the district court had previously ordered Robinson to demonstrate why the United States shouldn't be dismissed and to amend her complaint. Robinson instead opted to file hundreds of pages not responsive to the first order and an amended complaint that didn't cure the second order's concerns.

### Bias

Finally, Robinson asserts that the district judge assigned to her case was "bias[ed]" and that her "cases should've been split up amongst other [j]udges." We read this part of Robinson's brief as

an argument that the judge should have recused from the case. "Under [28 U.S.C.] section 455, a judge has a self-enforcing obligation to recuse himself where the proper legal grounds exist." *Murray*, 253 F.3d at 1310 (quotation omitted). "Bias sufficient to disqualify a judge . . . must stem from extrajudicial sources, unless the judge's acts demonstrate 'such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (quoting *United States v. Ramos*, 933 F.2d 968, 973 (11th Cir. 1991)).

Since she didn't move to recuse the district judge, Robinson must show plain error in the district judge's decision to not recuse, *Hamm*, 708 F.2d at 651, and she hasn't done so here. Robinson simply disagrees with the district court's rulings in this case and another case Robinson brought before the same district court judge, and nothing in the district court's decisions indicates any bias whatsoever against Robinson. *See Bailey*, 175 F.3d at 968. Accordingly, the district court did not plainly err in failing to recuse.

## CONCLUSION

Finding no error in the district court's decisions to dismiss Robinson's case and not recuse itself, we affirm the district court.

**AFFIRMED.**